## UNION ACCIDENT CO. v. WILLIS.

No. 3558.   Opinion Filed January 12, 1915.

(145 Pac. 812.)

1.   **INSURANCE — Accident Policy — Excepted Cause — Pleading and Proof.** Where, in an action on a policy of accident insurance, it is claimed that death was due to one of the causes excepted from the operation of the policy, it is for the insurer to plead and prove such fact.

2.   **SAME—Intentional Injury.** A policy of insurance, which provides that indemnity shall not be payable for injuries fatal or otherwise, intentionally inflicted upon the insured by himself or some other person, does not exclude a recovery where the insured dies from a fracture of the skull caused by a fall on a hard pavement, the result of a blow in the face struck by the fist of another, where the blow but not the fatal result was intentionally inflicted.

3.  **SAME—"Intentionally Inflicted."** The death of the insured not having been intended by his assailant, and being an unforeseen and unusual result of the blow struck, the insurer is not relieved of liability on account of the fact that the blow itself was intentionally inflicted. The words "intentionally inflicted," as used·in the policy, should be construed to refer to the fatal·injuries resulting from the fall, and not to the blow.

4.  **INSURANCE—Policy—Construction.** If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured.

5.  **SAME — "External, Violent, and Accidental Means" — "Accidental."** An injury intentionally inflicted by another upon the insured, and without the foreknowledge or connivance of the insured, is an injury inflicted through "external, violent, and accidental means." An injury is "accidental," within the the meaning of an insurance policy, although it is inflicted intentionally and maliciously by one not the agent of the insured, if unintentional on the part of the insured.

(Syllabus by ,Sharp, C.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge.*

Action by Mary Willis, an infant, by her guardian, W. P. Donnell, against the Union Accident Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Baker, Pursel, Gavin & Leith* and *C. A. Mountjoy,* for plaintiff in error.

*Arnote & Rogers* and *Charles A. Cook,* for defendant in error.

Opinion by SHARP, C. Between the hours of eight and nine o'clock on the evening of December 10, 1909, the insured, Riley W. Willis, while walking along the street in the city of Ardmore, was knocked down by a blow in the face struck by one Ernest Keys. Striking the pavement, the insured sustained a fracture of the skull, resulting in his death. The action against the defendant is brought by the guardian of the beneficiary,

and is to recover on a certain accident policy issued on the life of said Riley W. Willis.

The defense in this court is predicated upon two certain provisions of the policy, which, it is claimed, exempt it from any liability, namely:

(1) "In the event that the insured, while this policy is in force, shall sustain personal bodily injury, which is effected directly and independently from all other causes through external, violent and purely accidental means, and which injury causes, at once (within 24 hours). * * * For loss of life four hundred dollars (the principal sum of this policy)."

(2) "Indemnity shall not be payable for injuries fatal or otherwise intentionally inflicted upon the insured by himself or some other persons."

We fail to find, however, that the former provision of the policy was availed of by the insurer as a defense in the trial court. It is a rule well supported by authority, and based upon sound principle, that, where death or injury has resulted from one of the excepted causes enumerated in the policy, the *onus* both of averment and proof in such regard rests upon the insurer. *Vernon v. Iowa State Traveling Men's Ass'n,* 158 Iowa, 597, 138 N. W. 696; *Anthony v. Mercantile Mutual Acc. Ass'n,* 162 Mass. 354, 38 N. E. 973, 26 L. R. A. 406, 44 Am. St. Rep. 367; *Railway Officials' & Employees' Acc. Ass'n v. Drummond,* 56 Neb. 235, 76 N. W. 562; *Stevens v. Cont. Casualty Co.,* 12 N. D. 463, 97 N. W. 862; *Standard Life & Acc. Ins. Co. v. Jones,* 94 Ala. 434, 10 South. 530; *Cronkhite v. Travelers' Ins. Co.,* 75 Wis. 116, 43 N. W. 731, 17 Am. St. Rep. 184; *Home Benefit Ass'n v. Sargent,* 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160; Accident & Employer's Liability Insurance, Fuller, pp. 100-102. Further consideration need not therefore be given this defense.

In the absence of any provision to the contrary, a policy insuring against death effected through "external, violent and accidental means," an injury inflicted intentionally by another upon the insured, but without the foreknowledge or connivance of the insured, is within the terms of the policy rendering the

company liable. If the injury is not brought about by the agency of the insured, and if it is not anticipated by him, it is none the less accidental as far as he is concerned, although it may be inflicted with malice and premeditation by the other party; the great weight of authority being that an injury intentionally inflicted upon the insured by another is accidental, if it is unintentional on the part of the insured. As a protection against this class of liability, a clause is frequently inserted in policies of accident insurance, specifying that the policy shall not cover injuries, fatal or otherwise, intentionally inflicted upon the insured by himself or some other person. Ordinarily, where a policy expressly so provides, it is not necessary that the insured should take part in the intent of such third person, in order to make the exception operative, and relieve the company from its liability. The policy, in such cases, becomes one of limited indemnity as contradistinguished from that of general indemnity. It is shown that the blow sustained by the insured was intentionally inflicted. The testimony as to the origin of the trouble between Keys and the insured is conflicting. That of plaintiff tends to show that the insured was sober and was not the aggressor in the difficulty; while the defendant's testimony tends to establish that the insured was drunk at the time, ran into Keys, and first struck him. There is nothing in the testimony that tends to distinguish the difficulty from an ordinary fist fight where but two or three blows were passed, except in the fatal consequences that attended it. Keys and two companions met Willis and another Indian on Caddo street near one of the main business corners of the city. The former did not know Willis at the time, and, whatever may have provoked the difficulty, there is no room for belief that the injuries sustained by Willis were intended by Keys. At the time Keys, who was a young man, weighing but 133 pounds, though right handed, was unable to use his right hand on account of a broken bone, and struck the insured, who was a heavier man, with his left fist. The blow knocked the insured backward on the

slanting pavement, with the result that his head struck the pavement, fracturing his skull and causing death. Keys did not know until the morning following that Willis had died as a result of the fall. It is not even claimed that Keys intended the result that followed, but it is insisted that, having struck Willis intentionally, a recovery cannot be had on account of the last-mentioned provision of the policy. We do not think so. As we have seen, the insured's death was accidental. The injury which resulted fatally was not intentionally inflicted by Keys. The case differs materially from the great majority of the reported cases. Had Keys had in his hand a deadly weapon, the use of which was reasonably calculated to produce death, and in fact did so, a different question would be presented. No motive for killing the latter is shown to have existed, and the means used indicates only an intention to strike the insured. The result was unforeseen and unusual, and not such as would ordinarily follow a blow with the fist. It was not the logical result of a deliberate act, and could not reasonably have been anticipated by Keys, and he cannot be charged with a design of producing it. It was the result of fortuitous circumstances.

In *Richards v. Travelers' Ins. Co.*, 89 Cal. 170, 26 Pac. 762, 23 Am. St. Rep. 455, the policy exempted against liability where death was the result of design on the part of the insured or any other person. The court instructed the jury that:

"If the death of Phillip Richards was caused by a blow dealt him by H. J. Dassonville, or some other person, that would not prevent plaintiffs from recovering in this action, if you believe from the evidence that, when Dassonville or some other person inflicted such blow, he did not mean to kill said Phillip Richards."

The giving of the instruction was sustained. It was said by the court that there were circumstances in evidence tending to show that, if Dassonville did give the blow which resulted afterwards in the death of the deceased (by a fall from an elevated sidewalk), he did not intend such result, and it would not be a correct construction of the clause of the policy under review to

say that it includes every case where a blow, not intended to kill, unfortunately 'and undesignedly produces death.

In *Travelers' Protective Ass'n v. Weil,* 40 Tex. Civ. App. 629, 91 S. W. 886, the action was to recover for the loss of an eye. It was complained by the appellant that the trial court erred in charging, in effect, that, if the assailant did not intend the particular injury, plaintiff was entitled to recover, and it was insisted that a verdict should have been directed for the defendant. Sustaining the contention, it was said by the court:

"We do not undertake to say that consequences might not follow such a blow, of a character so unusual and so apparently unrelated to the .act, as to exclude the idea' that they were included within the general intention to inflict injury."

The court then proceeds to distinguish between the facts there presented and those in *Richards v. Travelers' Ins. Co.,* *supra,* and further says:

"But under the facts of this case we are of opinion there is no room for controversy. We have a blow of the fist, struck by an adult man actuated by the anger and passion naturally resulting from his supposed provocation; a blow struck in the eye, according to plaintiff's own statement. The force was sufficient to knock him down, and the injury to the eye was due to the blow and not to the fall. We think the injury to the eye falls clearly within the general purpose to injure, and that it did not devolve on the defendant to show that Innes had a specific intention to inflict the particular character of injury which might flow from the assault."

In *Utter v. Travelers' Ins. Co.,* 65 Mich. 545, 32 N. W. 812, 8 Am. St. Rep. 913, a provision of the policy excepted from recovery for death or personal injury, the result of design, either on the part of the insured or any other person. The insured was shot by an officer; but there was some evidence tending to show that the officer did not know it was the insured at whom he shot, and that he did not intend to kill the insured. It is said in the opinion:

"It seems to me that the design intended by the terms of this policy must be the design that intended the actual result accomplished, and not the design of the act itself, which act resulted in the killing of one contrary to the design of the act.

If, when Berry fired this shot, he did not know the man he fired at was Utter, and did not intend to kill Utter, it cannot be said that Utter lost his life by the design of Berry."

In *Orr v. Travelers' Ins. Co.,* 120 Ala. 647, 24 South. 997, after quoting from the opinion in *Utter v. Travelers' Ins. Co., supra,* the court announced the principle stated to be correct. In *Travelers' Protective Ass'n v. Fawcett* (Ind. App.) 104 N. E. 991, the insurer defended under a paragraph in the policy denying a recovery where the insured came to his death as a result of an injury intentionally inflicted by another. In that case the uncontroverted evidence showed that the assailant, a bank robber, discharged several shots from revolvers into a group of four men huddled together in front of a vault in the bank. The company relied upon the presumption that a person intends the usual and ordinary consequences of his act; that, relying upon this presumption, the usual and ordinary consequences of such an act would be to kill or injure some one or more of them; and that, as there was no evidence tending to overcome the presumption, it must prevail and be sufficient to establish the fact that the robber intentionally killed the insured. The judgment, however, of the trial court was affirmed, and in the course of the opinion the following language was used: .

"The question arises under a contract by which it was stipulated that the association should not be liable on account of injuries intentionally inflicted on the assured by any other person, 'Intentional injuries' inflicted on the assured by some other person, within the meaning of this contract, refers to injuries which the other person actually directed against the insured and intended to inflict upon him. The parties contracted with reference to the actual intention of the person inflicting the injury, rather than such an intention as the law presumes as against a wrongdoer. * * * In such a case, if an act is shown which would naturally and reasonably result in injury to some one of several persons, it may be presumed that the author of the act intended to injure some one; but it cannot be presumed, as against any one except the author of the act, that he intended the injury for the particular person who received it."

The court then cites *Utter v. Travelers' Ins. Co., supra,* and approves the principle announced therein, though expressing a doubt as to the application to the state of facts shown to exist in the Utter case.

Discussing the question of accidents and risks excepted in accident insurance, it is said in 1 Cyc. 257, that intentional injuries inflicted on the person of insured are usually considered "accidental," and as coming within the proviso that the insurance shall extend to injuries sustained through "external, violent and accidental means," but that, where the policy provides that it shall not extend to injuries or death resulting from "intentional injuries inflicted by the insured or any other person," such provision is valid and binding, and no recovery can be had for injuries or death so inflicted. It is further said, in discussing the question of intent, that the existence of an intent on the part of the person inflicting the injury is necessary, and this intent must be to inflict the injury actually inflicted. See, also, Corpus Juris, vol. 1, p. 442; *Railway Officials' & Employees' Acc. Ass'n v. Drummond,* 56 Neb. 235, 76 N. W. 562; *Gaynor v. Travelers' Ins. Co.,* 12 Ga. App. 601, 77 S. E. 1072.

The death of the insured not having been intended by Keys, and being an unforeseen and unusual result of the blow struck, the insurer is not relieved of liability on account of the fact that the blow itself, was intentionally inflicted. The words "intentionally inflicted" in this case should be construed to refer to the fatal injuries resulting from the fall, and not to the blow.

Where the meaning of a policy of insurance is ambiguous, or so drawn as to be fairly susceptible of different constructions, it will be construed strictly against the insurer, and that construction adopted which is most favorable to the insured. *Taylor v. Ins. Co. of North America,* 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; *Capital Fire Ins. Co. v. Carroll,* 26 Okla. 286, 109 Pac. 535; *Southern Surety Co. v. Tyler & Simpson,* 30 Okla. 116, 120 Pac. 936; *Standard Accident Ins. Co. v. Hite, Adm'r,* 37 Okla. 305, 132 Pac. 333, 46 L. R. A. (N. S.) 986. Also, when a stipula-

tion or exception to a policy of insurance emanating from the insurer is capable of two meanings, the one is to be adopted which is the most favorable to the insured. May on Insurance, secs. 174, 175; *Janneck v. Metropolitan Life Ins. Co.*, 162 N. Y. 574, 57 N. E. 182; *Forest City Ins. Co. v. Hardesty*, 182 Ill. 39, 55 N. E. 139, 74 Am. St. Rep. 161; *Thompson v. Phenix Ins. Co.*, 136 U. S. 287, 297, 10 Sup. Ct. 1019, 34 L. Ed. 408; *Allen v. Ins. Co.*, 85 N. Y. 473; *Utter v. Travelers' Ins. Co.*, 65 Mich. 545, 32 N. W. 812, 8 Am. St. Rep. 913; *Massachusetts Benefit Life Ass'n v. Robinson*, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.