## GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORP., LTD., v. HYMES.

No. 9284—Opinion Filed Dec. 9, 1919.

(Syllabus by the Court.)

1. Insurance—Accident Policy—Cause of Death—Burden of Proof.

The burden of proof rests upon the insurer to establish the fact that death or injury has resulted from one of the excepted clauses, enumerated in a policy of accident insurance.

2. Insurance—Construction of Policy.

Where the meaning of a policy of insurance is ambiguous, or so drawn as to be fairly susceptible of different constructions, it will be construed more strictly against the insurer and that construction adopted which is most favorable to the insured.

3. Same—Accident Policy — "Accident"— "Homicide."

Where one person injures another, and the injury is not the result of misconduct or provocation by the injured person, and is unforeseen by him, it is as to him an accident within the meaning of an accident policy insuring him against bodily injuries effected through external, violent, and accidental means.

4. Same—Intent of Homicide—Effect.

A provision contained in an accident insurance policy which excepts from operation of the policy "injuries intentionally inflicted upon the insured by any other person," contemplates injuries intended against the insured, and not injuries intended against another, and such exception will not relieve the insurer from liability for an injury to the insured inflicted by another person, where the other person, intending to injure some one other than the insured, mistook the insured for the person to be injured and intentionally inflicted upon him bodily injury while the insured was not aware of the intent to injure him and had done nothing to bring about the injury.

From the District Court, Wagoner County; Ernest B. Hughes, Judge.

Action by Laura Hymes against General Accident, Fire and Life Assurance Corp., Ltd. From judgment for plaintiff, defendant brings error. Affirmed.

W. W. Noffsinger and Y. P. Broome, for plaintiff in error.

Watts & Summers, for defendant in error.

BAILEY, J. This action was brought in the district court of Wagoner county, by the defendant in error as plaintiff, against plaintiff in error as defendant, to recover on a policy of accident insurance, issued by plaintiff in error to one Charles Nave, and in which policy defendant in error, Laura Hymes, was named as beneficiary. The cause was tried to a jury resulting in a verdict in favor of defendant in error for the principal sum named in the policy, and from judgment rendered thereon, plaintiff in error appeals. We will refer to the parties hereafter as they stood in the trial court.

The evidence in the case disclosed these facts: The insured, a negro, was attending a negro dance at the time he met his death; one Pompey Drew, another negro, was also there. During the course of the evening Nave and Drew were drinking, and during the festivities one Spencer Luckey was held up at the point of a pistol by Drew, and $15 was taken from Spencer by Drew. The evidence further discloses that Drew and Nave were friends and upon friendly terms and relations; just after the hold-up of Spencer, Nave appeared in the yard near Drew, inquiring: "Where is P. D.? He ain't no bad son-of-a-bitch." Immediately thereafter, Drew fired upon Nave, inflicting a mortal wound, from which he died a few days later. Other evidence will be noted as may be necessary hereafter in the opinion.

The policy of insurance, which is purely one of accident and health, contains the provision, that:

"In the event of death resulting from the following causes, the corporation's liability shall be one month's indemnity, as provided in sections 2 and 5 of this policy. * * *" "Injury intentionally inflicted upon the insured by any other person."

It was stipulated between the parties in the

trial court that one month's indemnity under this policy is $30.00, and that defendant had tendered this amount to plaintiff in full settlement of its liability, and that such tender was made good at the trial. It is the contention of plaintiff in error that under the facts in the case, and the clause of the policy above quoted, its liability is limited to one month's indemnity of $30.00, and that the court should have so instructed the jury.

After introducing the policy sued upon, plaintiff introduced the proofs of death furnished to defendant, in which proofs of death there were contained affidavits as to how the insured met his death, and in which affidavits there was contained the following questions and answers:

"Q. Exactly what was the insured doing at the time? A. There was no quarrel between the deceased and the guilty party, party who done the shooting was sentenced to life imprisonment. Q. Precisely how did the accident happen? A. Pompey Drew held up Spencer Luckey and took $15. Deceased not knowing what was being done, stepped out the door and Pompey Drew shot him, without any provocation whatever."

At the end of plaintiff's testimony in chief, defendant interposed a demurrer to the evidence of plaintiff, which demurrer was overruled by the court and which action of the court is assigned as error, it being the contention of plaintiff in error that these proofs of death established that the deceased was intentionally shot by Pompey Drew, and that therefore plaintiff was not entitled to recover, other than one month's indemnity. It is true that proofs of death are prima facie evidence against plaintiff, of the facts therein stated, but we do not think such proofs as here offered necessarily show an intention upon the part of Drew to shoot Nave, and besides, counsel has failed to note that as a part of the plaintiff's evidence in chief, it was testified that at the instant of the shooting Nave said, "O Lord," and Drew said, "Did I shoot you Charley, I did not know that was you I shot."

The proof of loss, though prima facie true against the insured, is not conclusive nor irrebuttable. Reserve Life Ins. Co. v. Isom 70 Oklahoma, 173 Pac. 841; Hill v. Aetna Ins. Co., (N. C.) 63 S. E. 124.

Under numerous decisions of this court, when a demurrer to the evidence is interposed, the court cannot weigh conflicting evidence, but must treat that as withdrawn which is most favorable to the demurrant, and all the facts which the evidence in the slightest degree tends to prove, and all reasonable inferences or conclusions which may be logically and reasonably drawn from the evidence are admitted. Rawlins v. Ufer, 61

Oklahoma, 161 Pac. 183; Brown v. Rummill, 70 Oklahoma, 172 Pac. 452. We do not think the court committed any error in overruling defendant's demurrer to the evidence.

It is next assigned as error that the court erred in giving the following instruction:

"The jury are further instructed that the intent on the part of the said Pompey Drew, with which he inflicted the injuries upon the said Charles Nave from which said injuries the said Charles Nave died, is to be gathered from all the facts, and circumstances proved in the case, and the facts and circumstances surrounding the killing at the time. And in this case if you should believe that the said Pompey Drew shot at the said Charles Nave, believing at the time that the said Charles Nave was some other person, and that the said Pompey Drew would not have shot and killed the said Charles Nave had he known that the person at whom he was shooting was Charles Nave, then in that event you are instructed that the injuries inflicted upon the said Charles Nave would not be intentional within the meaning of the policy and in the event of such finding your verdict should be for the plaintiff."

This instruction presents for the consideration of the court the real proposition in this case, viz., Whether a recovery is to be permitted under the terms and conditions of the policy as above quoted, even under a finding that at the time Drew shot and killed Nave, he believed Nave to be some person other than Nave. It has been noted that at the time of the shooting Drew and Nave were upon friendly terms and relations, no difficulty had occurred between them. A few moments prior to the shooting, however, Drew had been involved in a difficulty with one Luckey. Numerous parties appear to have attended the dance; some of these, including Drew, were outside of the house and in the darkness of the night; a few moments after the difficulty between Drew and Luckey, in Luckey's absence, Nave appeared, the shooting immediately occurred, followed by the exclamation, "O Lord," with Drew stating, "Did I shoot you Charley? I did not know that was you I shot." Under such state of the record, the question of intent was a question of fact for the jury, unless it is to be held that under the provisions of the policy quoted, such intention is not to be governed or controlled, or liability be effected, by reason of the identity of the person injured.

It is apparent that the trial court submitted the case to the jury upon the theory that at the time Drew shot and killed Nave, he shot under the mistaken apprehension that Nave was someone else, and that he would not have shot Nave had he known who he was. Such facts did not bring the in-

jury within the terms of the exception clause quoted. It may be noted here that the burden of proof was upon the defendant after proof of death by accidental means to prove the injury within the terms of the exceptions noted. Union Accident Co. v. Willis, 44 Okla. 578, 145 Pac. 812.

And it may also be observed that the injury is accidental within the meaning of an insurance policy, insuring against external, violent, and accidental means, although it is inflicted intentionally and maliciously, if unprovoked, unforseen, and unintentional on the part of the insured. Union Accident Co. v. Willis, supra; Maloney v. Maryland Casualty Co. (Ark.) 167 S. W. 845; Newsome v. Travelers Ins. Co. (Ga.) 85 S. E. 1035; Travelers Protective Ass'n of America v. Fawcett, (Ind. App.), 104 N. E. 991. It has become settled law that where a stipulation or exception in a policy of insurance is capable of two meanings, or is ambiguous or uncertain, that meaning and interpretation is to be adopted which is the most favorable to the assured. Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181; Friend v. Southern Ins. Co., 58 Okla. 448, 160 Pac. 457.

The finding of the jury under the instruction above quoted was necessarily a finding that at the time Drew shot and killed Nave, it was not within his knowledge that he was shooting at Nave. In a leading case, Utter v. Travelers Ins. Co. (Mich.), 32 N. W. 812, wherein there was under consideration a policy of insurance containing an exception as follows:

"And was not the result of design either on the part of deceased or any other person" —it is said:

"It seems to me that the design intended by the terms of this policy must be the design that intended the actual result accomplished, and not the design of the act itself, which act resulted in the killing of one contary to the design of the act. If, when Berry fired this shot, he did not know the man he fired at was Utter, and did not intend to kill Utter, it cannot be said that Utter lost his life by the design of Berry."

In Union Accident Co. v. Willis. 44 Okla. 578, 145 Pac. 812, while considering a state of facts not dissimilar to the facts in the instant case, the principle announced in Utter v. Travelers Ins. Co., supra, was quoted with apparent approval and likewise in Orr v. Travelers Insurance Co., 120 Ala. 647, 24 South. 999, the rule as announced in Utter v. Travelers Ins. Co., supra, was approved. See also Hutchcroft, Ex., v. Travelers Ins. Co., 87 Ky. 300, 8 S. W. 570. In Travelers Ins. Co. v. Fawcett, supra, the Appellate Court of Indiana, in discussing an exception clause reading, "intentional injuries inflicted on the as-

sured by some other person," held that such words, "within the meaning of this contract refer to injuries which the other person actually directed against the insured and intended to inflict on him." It may be noted the provision considered in Utter v. Travelers Ins. Co. was, "that the death or injury * * * was not the result of design either on the part of deceased or any other person." And our attention has been called to Continental Casualty Co. v. Cunningham, (Ala.) 66 South. 41, and Strother v. Business Men's Association of America (Mo. App., 188 S. W. 314, wherein it is held that the language of the policy considered in the Utter case, to wit, "the result of design," is of narrower import than "injuries intentionally inflicted," as contained in the policy under consideration. But in Newsome v. Travelers Ins. Co., 143 Ga. 785, 85 S. E. 1035, n considering a policy of insurance wherein there was excepted from operation of the policy "injuries intentionally inflicted upon the insured by any other person," the court, considering the case of Utter v. Travelers Ins. Co., supra, and the provision of the policy under consideration in that case, held "that the use of the word 'design,' as thus employed, did not render the exception contained in that policy substantially different from that invloved "in the case under consideration before that court; and a careful consideration of the terms as generally defined, and considering the sense and meaning usually given to them, we think the exception clause, "injury intentionally inflicted upon insured," may under the rule of construction herein adopted be fairly held and construed to refer to an injury which was intentionally aimed directly and individually at the insured and not intended for some other person.

In Newsome v. Travelers Ins. Co., supra, the court said:

"The provision contained in the accident insurance policy which excepts from operation of the policy injuries intentionally inflicted upon the insured by any other person, contemplated injuries intended against the insured and not injuries intended against another. Accordingly such exception will not relieve the insurer from liability for an injury to the insured inflicted by another person where the other person intends to injure some one other than the insured, mistook the insured for the person intended to be injured and intentionally inflicted upon him bodily injury while he was unaware of the intent to injure him and had done nothing to bring about the injury."

Under the evidence in this case, there being nothing to warrant the conclusion that the deceased, Nave, was aware of any intent to injure him or that he had done anything to bring about such injury, the evidence fur-

ther justifying the conclusion on the part of the jury that at the time insured was shot and killed the assailant did not believe that he was assaulting the insured, or had not intended to assault insured, the court did not err in giving the instruction quoted.

In view of the conclusion we have reached, it is not necessary to consider other assignments of error, and for the reasons herein given, the judgment of the trial court is affirmed.

All the Justices concur.