**LINCOLN HEALTH & ACCIDENT INS. CO. v. BUCKNER, Adm'x.**

No. 15633—Opnion Filed Oct. 27, 1925.

Rehearing Denied Feb. 9, 1926.

(Syllabus.)

**1. Insurance — Accident Policy—Construction as to Exceptions.**

Where the language of an accident insurance policy does not clearly express an exception, the court will not write an exception into the policy by interpretation.

**2. Same — Construction of Ambiguous Policy in Favor of Insured.**

Where the language of an insurance policy is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer and that construction adopted which is most favorable to the insured.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Julia Buckner, administratrix of the estate of Arthur Buckner, deceased, against the Lincoln Health & Accident Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter E. Latimer, for plaintiff in error.

Leahy & Brewster, for defendant in error.

Opinion by JARMAN, C. Arthur Buckner, hereinafter referred to as the insured, was walking along the street by the side of one Beans, who turned upon the insured and shot him three times in the back, from which the insured died. This action was brought by Julia Buckner, administratrix, against the Lincoln Health & Accident Insurance Company to recover the sum of $1,000, being the amount of a certain accident policy issued by the defendant on the life of the insured. Judgment was for the plaintiff, and the defendant brings error.

The only defense relied upon by the defendant was that the accident resulting in the death of the insured came within the exceptions provided for in paragraph 4 of the policy, and, therefore, the defendant was not liable. Paragraph 4 is as follows:

"4    Accidental death, dismemberment or weekly indemnity shall not be paid for medical or surgical treatment (except operation necessitated solely by the injury received and made within ninety (90) days from date of accident) bites, or stings of insects, ptomaines, fits, vertigo, orchitis, or disease in any form, or for miscarriages or premature birth, sunstroke, overheat, freezing, blood poison or septic infection, stabs or gunshot wounds; or for disability for loss of time, dismemberment or death due wholly or in part to, or resulting directly or indirectly from injuries inflicted by the insured or by any other person (assault by burglars or robbers excepted) intentionally or unintentionally, or sustained by the insured in war or riots or while engaged in mining or aerial navigation, baseball, football; or while insane or delirious, or under the influence of any narcotic or intoxicant; or while fighting or violation of law."

To determine the question whether the accident, resulting in the death of the insured, constitutes an exception within the meaning of paragraph 4, it becomes necessary to construe the insurance contract or policy. The first paragraph of said policy provides for the payment of accidental death indemnity in the sum of $1,000, subject to the provisions contained on the face and back of the policy, and said paragraph provides for the payment of the $1,000 indemnity for accidental death resulting from all causes except suicide, whether the insured be sane or insane. This exception of suicide whether the insured be sane or insane is the only exception contained in paragraph 1. Paragraph No. 2 deals with the next highest form of indemnity, and the same is designated as "Dismemberment Indemnity," which provides for indemnity for the loss of a member of the body. The third paragraph provides for the next highest form of indemnity, designated as "Weekly Indemnity," which provides for the payment for the loss of time to the insured by reason of an accident.

The primary purpose of this policy is to indemnify for death, for loss of a member of the body, and for the loss of time, resulting to the insured from accidental means. These three subjects, "Accidental Death Indemnity, Dismemberment Indemnity, and Weekly Indemnity," are the only subjects mentioned in the policy. The company realized that, in the case of an accident such as would bring it under either of the three heads mentioned, it would likely become necessary for medical or surgical treatment to be rendered the insured, which would be a necessary expense incident to the injury inflicted, and, in order to make it clear and unequivocal that the company would not be bound for such expense, it was specifically set forth in paragraph 4 that accidental death in-

demnity, dismemberment indemnity, or weekly indemnity shall not be paid for medical or surgical treatment for bites, or for any of the other causes enumerated therein, including gunshot wounds. In other words, the company realizing that expenses for medical or surgical treatment would naturally be incurred as a necessary incident to an injury, it provided that the accidental death indemnity, the dismemberment indemnity, or the weekly indemnity, as the case might be, should not be paid to take care of expenses for medical and surgical treatment for bites and the other causes enumerated in paragraph 4. By giving paragraph 4 this construction, it in no way conflicts with the first paragraph or with any other portion of the policy. It is our duty to construe the entire contract together so as to give effect to each and every part, if practicable. Section 5044, C. S. 1921.

The latter part of said paragraph 4, immediately following the first semicolon, provides that no payment shall be made for disability for loss of time or for disability for dismemberment or for disability for death due wholly or in part to or resulting directly or indirectly from injuries inflicted by the insured, or by any other person (assault by burglars excepted) intentionally or unintentionally. This portion of said paragraph means that the company will not pay for the disability of the insured resulting from an injury inflicted by the insured or by any other person, intentionally or unintentionally. In other words, if the insured should receive any injury causing him to linger for some time before dying, which disabled him during the time, the company under the latter part of paragraph 4 would not be liable for the time the insured was incapacitated or disabled to work.

Counsel for defendant insists that the first part of paragraph 4 means that accidental death indemnity, dismemberment indemnity, or weekly indemnity shall not be paid for medical or surgical treatment, and that accidental death indemnity, dismemberment indemnity, or weekly indemnity shall not be paid for bites and for the other causes enumerated therein, including gunshot wounds. By giving the first part of paragraph 4 the construction contended for by counsel for defendant, said paragraph 4 clearly conflicts with and forms an exception to paragraph 1 of the policy. To give paragraph 4 the construction contended for by defendant, the main purpose or intention of the policy is practically defeated; at least, greatly abridged. We think the construction

hereinabove placed on paragraph 4 comes more nearly being the proper and natural construction.

To say the least of it, the language of paragraph 4 does not clearly express an exception, and the court will not write an exception into the policy by interpretation. Great S. L. Ins. Co. v. Churchwell, 91 Okla. 157, 216 Pac. 676. In any event, paragraph 4 is as equally susceptible of the construction we have placed on it as that contended for by defendant; therefore, this case is governed and controlled by the rule announced by this court in the case of Federal Life Ins. Co. v. Lewis, 76 Okla. 142, 183 Pac. 975, 5 A. L. R. 1637, as follows:

"Where the meaning of language in a policy of insurance is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer, and that construction adopted which is most favorable to the insured." General Accident, etc., Corp. v. Hymes, 77 Okla. 20, 185 Pac. 1085; Great So. Life Ins. Co. v. Churchwell, supra.

Under this rule, it is our duty to hold that the accident resulting in the death of the insured does not constitute an exception to the general provisions of the policy, and the judgment of the trial court is therefore affirmed.

By the Court: It is ordered.

Note.—See under (1) 1 C. J. p. 415, §38. (2) 32 C. J. p. 1152, §264; anno. 26 A. L. R. 1514; 14 R. C. L. p. 926; 3 R. C. L. Supp. p. 316 et seq.; 4 R. C. L. Supp. p. 931; 5 R. C. L. Supp. p. 787.