## LINCOLN HEALTH & ACCIDENT INS. CO. v. COOPER.

No. 22864. Oct. 8, 1935.

Rehearing Denied Dec. 24, 1935.

Application for Leave to File Second Petition for Rehearing Denied Jan. 14, 1936.

S. J. Berton, for plaintiff in error.

Walter Mathews, for defendant in error.

GIBSON, J. Mamie Cooper, hereinafter referred to as plaintiff, commenced this action against the Lincoln Health & Accident Insurance Company, hereinafter referred to as defendant, in the district court of Payne county upon an accident insurance policy issued to one Leatha Porter. Plaintiff sought recovery under the policy for the alleged accidental death of the insured. Defendant answered alleging that the insured died as a result of injuries intentionally inflicted by another party, and that, under the express terms of the policy, no liability existed. In paragraph 1 of the policy the defendant, "subject to the provisions, conditions and exceptions contained herein," agreed to pay to the beneficiary the sum of $1,000 upon satisfactory proof "of the death of the insured resulting directly and independently of all other causes through external, violent, and accidental means, provided death of the insured occurs within 60 days from date of accident."

Paragraph 7 of the policy, found under that section designated "Provisions and Exceptions", is in part as follows:

"No indemnity will be paid for accidental death, dismemberment, loss of sight or disability resulting from * * *; or for injury that is self-inflicted or intentionally inflicted upon the insured by any other person sane or insane. * * *"

Defendant alleges that the insured was injured by a brick thrown by another party from which injury the insured died the next day, and that the injury was intentional'y inflicted. The evidence as set out in the abstracts of the parties is virtually undisputed and conclusively shows that at the time of inflicting the injury it was the avowed intention of the person committing the act to kill the insured. There is no evidence indicating that the injury was accidental or that the party inflicting the injury did not intend the same to be fatal.

The rule in this state seems to be, as applied to policies of this character, that if the injury intentionally inflicted is inflicted in such a manner as not calculated to cause death and death results, not as a direct, proximate, and foreseen result of the act causing the injury, but is wholly indirect and incapable of being foreseen as a result of the act, death resulting therefrom may not be said to be intentionally inflicted, but is, instead, accidental. Where the injury under such circumstances later proves fatal to the insured, and the policy insures against death through "external, violent and accidental means," the death is said to be accidental and therefore covered by the policy. This court in Union Accident Co. v. Willis, 44 Okla. 578, 145 P. 812, wherein a similar policy was under consideration, held as follows:

"A policy of insurance, which provides that indemnity shall not be payable for injuries fatal or otherwise, intentionally inflicted upon the insured by himself or some other person, does not exclude a recovery where the insured dies from a fracture of the skull caused by a fall on a hard pavement, the result of a blow in the face struck by the fist of another, where the blow but not the fatal result was intentionally inflicted."

And further:

"The death of the insured not having been intended by his assailant, and being an unforeseen and unusual result of the blow struck, the insurer is not relieved of liability on account of the fact that the blow itself was intentionally inflicted. The words 'intentionally inflicted,' as used in the policy,

should be construed to refer to the fatal injuries resulting from the fall, and not to the blow."

These statements by the court reveal the facts of the case. A blow from the fist of another, although intentionally struck, was not intended or calculated to result in the death of the party injured, and the death therefore was unintentional and accidental and amounted to "death by accidental means" under the terms of the policy and was not within the exception, "intentionally inflicted upon the insured by another."

The evidence that went before the jury in the present case was that there was a brick hurled at the insured. The insured was struck in the abdomen; that she died the following day from peritonitis resulting from the blow. The injury occurred during a quarrel between insured and the party committing the injury. More than one brick was thrown at insured. During the quarrel the other party was heard to say that his intention was to kill insured. There is no evidence that the death of insured was not intended by the one inflicting the injury. There is no evidence tending to show that the missiles thrown were not in their nature deadly. On the other hand, the petition alleges that Leatha Porter "was violently and accidentally struck in the abdomen by a brick which caused her to die on the following day." Thus it is alleged the blow caused her death. Death was not the result of some unforeseen and intervening and unintentional cause.

The present case is distinguished from Lincoln Health & Accident Ins. Co. v. Johnigan, 114 Okla. 223, 245 P. 837, and Lincoln Health & Accident Ins. Co. v. Buckner, 117 Okla. 35, 245 P. 582, and National Life & Accident Ins. Co. v. May, 170 Okla. 198, 39 P. (2d) 107, in that the exception clauses in the policies involved therein were wholly different in their provisions and unlike the provisions in the policy in the present case. Those decisions hold that the language of the insurance contract was ambiguous or susceptible of two constructions and applied the rule requiring strict construction of such provisions against the insurer. Union Accident Co. v. Willis. supra; Federal Life Ins. Co. v. Lewis, 76 Okla. 142, 183 P. 975; Bankers Reserve Life v. Rice, 99 Okla. 184, 226 P. 324. In the present case the exception clause clearly exempted defendant from liability for the death of the insured intentionally brough+ about by another. The clause is clear and unambiguous, and susceptible of but the one construction.

Plaintiff contends that the clause in paragraph 7, providing that "No indemnity will be paid for accidental death; * * * or for injury that is self-inflicted or intentionally inflicted upon the insured by any other person," should be construed as exempting defendant only from liability for injuries and not from liability for death of insured. We cannot agree with this contention, and must hold that death or injury caused by the intentional act of another is within the meaning of the exception. 14 R. C. L. 1261.

Defendant claims that the cause of insured's death was excepted from the operation of the policy. In such case, as said in Union Accident Co. v. Willis, supra, "the onus both of averment and proof in such regard rests upon the insurer." This burden, in the present case, the insurer has fully sustained. And there is no evidence to the contrary. Under such condition of the evidence the court erred in overruling defendant's motion for a peremptory instruction. The evidence presented no issue for the jury's determination. The right to have a cause submitted to the jury arises only where there is conflicting evidence. Amorita Milling Co. v. Miller, 99 Okla. 90, 225 P. 918. Where defendant has pleaded and proved an absolute affirmative defense against plaintiff's right to recover and there is no conflicting evidence as to that defense, the fact that plaintiff may have otherwise established a prima facie case does not deprive defendant of the right to a peremptory instruction in his favor. 26 R. C. L. 1075, note 14.

It was the duty of plaintiff to offer all her evidence at the trial. An examination of this record reveals that such has been done. And it is apparent that the plaintiff, if granted a second trial, could not recover on any theory advanced herein. Under such circumstances this court may reverse and remand the cause, with instructions to enter judgment for the defendant. Kelly v. Oliver Farm Equip. Co., 169 Okla. 269, 36 P. (2d) 888.

The judgment is reversed and the cause remanded, with instructions to enter judgment for defendant.

McNEILL, C. J., and BAYLESS, WELCH, and PHELPS, JJ., concur.