## MID-CONTINENT LIFE INS. CO. v. DUNNINGTON, Adm'r.

No. 26725.   Sept. 8, 1936.

Rehearing Denied Sept. 29, 1936.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

A. R. Carpenter, for defendant in error.

BAYLESS, J.   George W. Meng, now deceased, had a policy of insurance with the Mid-Continent Life Insurance Company, a corporation. Among the benefits provided therein were certain payments for "bodily injury effected solely through external violent and purely accidental means."

Meng and his family entertained guests one night, among whom was Adam Deal, a distant relative. Drinks were served. When the guests were leaving, Meng, in a moment of exuberation, induced as he admits by reason of high spirits induced by the alcohol he had imbibed, tweaked Deal's nose. Whereupon Deal struck him in the eye, and within a few days Meng lost the sight thereof.

Insurance company refused to pay and defended the action as one not founded upon one defined by the policy. Judgment was for Meng, and his estate is represented in the appeal.

Insurance company contends that the loss of vision, resulting from the blow on the eye, was not accidental, because: (1) Meng intentionally tweaked Deal's nose; and (2) Deal, resenting this, intentionally struck Meng: but neither of them intended blindness should result. Decisions from other states are cited, but those decided by this court are omitted.

This contention was decided squarely by this court in Union Acc. Co. v. Willis, 44 Okla. 578, 145 P. 812, and adversely to defendant. The policy provision covered injuries sustained through "external, violent and accidental means." Keys and Willis had had differences, and met. The evidence as to who was aggressor conflicted. Keys struck Willis, who fell to the pavement, fractured his skull and died therefrom. We said:

"The result was unforeseen and unusual,

and was not such as would ordinarily follow a blow with the fist. It was not the logical result of a deliberate act, and could not reasonably have been anticipated by Keys, and he cannot be charged with the design of producing it. It was the result of fortuitous circumstances."

We held:

"An injury intentionally inflicted by another upon the insured, and without the foreknowledge or connivance of the insured, is an injury inflicted through 'external, violent, and accidental means.' An injury is 'accidental,' within the meaning of an insurance policy, although it is inflicted intentionally and maliciously by one not the agent of the insured, if unintentional on the part of the insured."

See, also, Lincoln Health & Accident Ins. Co. v. Johnigan, 114 Okla. 223, 245 P. 837.

Insurance company's second contention is that Meng's injury resulted from a violation of the law by him, an assault upon the person of Deal, which is specifically excepted from the benefits of the policy.

That a technical trespass upon, or assault upon the body of Deal was committed by Meng is clear. That there was no criminal intent is equally clear. We decline to hold "horse play", even in a state of partial intoxication, to be a crime as defined in section 1866, O. S. 1931 (as further defined by section 1794, O. S. 1931), for the purpose of construing the provisions of an insurance policy.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and PHELPS, JJ., concur.