Chester Ellis **PENDERGRAFT**, a minor, Appellant,

v.

**COMMERCIAL STANDARD FIRE & MARINE CO.**, a corporation, Appellee.

No. 7852.

United States Court of Appeals Tenth Circuit.

March 5, 1965.

Floyd L. Walker, Tulsa, Okl. (John Hudson, Tulsa, Okl., on the brief), for appellant.

Thomas R. Brett, Tulsa, Okl. (Robert D. Hudson, Tulsa, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Commercial Standard Fire & Marine Company, appellee, brought this action in the court below against appellant, Pendergraft, for a declaratory judgment to determine its liability upon a comprehensive liability insurance policy. The trial court determined, under the facts in the case, that liability did not exist and Pendergraft has appealed.

The case was submitted below upon stipulated facts plus the deposition of the insured, Garringer. Those facts may be summarized as follows: On August 17, 1962, appellee issued a "Home Owners" policy of liability insurance to the parents of one Garringer, who was a minor child at that time and also an insured under the terms of the policy. The policy of insurance contained the following pertinent provision, whereby the company became obligated to " * * * pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *." The policy also contained an exclusion providing that the above liability clause did not apply " * * * to bodily injury or property damage caused intentionally by or at the direction of the insured."

The parties further stipulated that Garringer committed an assault and battery upon Pendergraft in the following manner: He came up from behind Pendergraft, spun him around and struck him on the cheek just below the eye. As a result, Pendergraft was knocked down into the street, fell upon the pavement and struck the back of his head against the paved portion of the street with sufficient force to fracture his skull and render him unconscious. The deposition of Garringer was, by stipulation, made a part of the record below, and his uncontradicted testimony is that he intentionally committed an assault and battery upon Pendergraft; but that he did not intend to inflict any permanent bodily injury to Pendergraft. Nor did he intend to inflict upon Pendergraft the specific injuries sustained.

The findings of fact made by the trial court followed generally the stipulation of facts and in addition contained the following:

"The court further finds that the act of the defendant Garringer in striking the defendant Pendergraft was intentional, wilful and criminal and was committed by the said Garringer with the intent upon his part to inflict personal injury upon the defendant Pendergraft."

Succinctly stated, appellant's whole argument for reversal is premised upon the fact that he did not intend to inflict upon

Pendergraft the specific injuries sustained. It is argued that this fact makes the above-quoted exclusionary clause inapplicable. In support of this position, appellant cites and relies upon three Oklahoma cases. Mid-Continent Life Ins. Co. v. Dunnington, 177 Okl. 484, 60 P.2d 1047; General Accident, Fire & Life Assurance Corporation v. Hymes, 77 Okl. 20, 185 P. 1085, 8 A.L.R. 318; Union Accident Co. v. Willis, 44 Okl. 578, 145 P. 812, L.R.A.1915D, 358. At the outset it is noted that all of those cases involve life or health and accident insurance policies where the question was whether the injuries were accidental. That is not the issue here and for that reason we do not consider them controlling or persuasive when considered with reference to the interpretation of an indemnifying public liability policy, such as we have in this case. The parties do not cite and our own research has failed to find an Oklahoma Supreme Court decision involving an indemnity policy exactly in point. In the absence of such a decision, we will follow the prevailing rule in this Circuit that great weight is to be given to the federal trial judge's interpretation of local law and such interpretation will be accepted unless we are convinced that it is clearly wrong. Loye v. Denver United States National Bank, 10 Cir., 341 F.2d 402.

The trial judge's interpretation of Oklahoma law is not only not clearly wrong in this case but seems to us to be clearly correct. We would be most reluctant, had the court decided this case the other way, to put our stamp of approval upon a rule that would be based on subjective, rather than objective, intent. And, that is most assuredly the effect of appellant's argument. Moreover, appellant's argument is directly contrary to the universal rule that a person intends the natural and probable consequences of his intentional acts. Certainly, Garringer could reasonably foresee that the probable result of his assault and battery upon appellant would be the very injuries sustained.

The parties to an insurance contract may contract to extend or limit insurance liability risks as they see fit. Fidelity and Casualty Company of New York v. Reece, 10 Cir., 223 F.2d 114. The parties to the policy in question have seen fit to limit the policy so as not to cover injuries caused intentionally by the insured. It has been held that a provision in a policy excluding coverage as to intentional injuries is designed to prevent indemnifying one against loss from his own wrongful acts. Arenson v. National Automobile & Casualty Ins. Co., 45 Cal.2d 81, 286 P.2d 816. In 11 Couch on Insurance 2d, § 44:272, p. 694, the rule is stated as follows: "By express policy limitation or judicial construction, it is held that a public liability policy only protects against liability on the ground of negligence; that is, the insured is not protected from the consequences of his own wilful and intentional wrongs, nor against the wilful and intentional wrongs of his agent, committed with the intent to inflict injury, although the actual bodily injury sustained may have been accidental." Therefore, we have no difficulty in concluding that the injuries in question were not intended to be covered by the policy issued to Garringer's parents.

The judgment is affirmed.