**Willie M. WILLIAMS, II, a minor, through his mother and next friend, Stella L. Williams, Plaintiff in Error,**

v.

**NATIONAL PIONEER INSURANCE COMPANY, Defendant in Error.**

**No. 44376.**

Court of Appeals of Oklahoma, Division No. 2.

March 28, 1972.

Certiorari Denied July 28, 1972.

Released by the Supreme Court for Official Publication July 28, 1972.

Victor C. Wood, Jr., Oklahoma City, for plaintiff in error.

W. A. McWilliams, Oklahoma City, for defendant in error.

NEPTUNE, Judge.

This appeal involves the correctness of the trial court's construction of provisions of an automobile insurance policy.

Plaintiff, a nineteen-year-old male, in December 1968 obtained from defendant insurance company a policy covering plaintiff's 1963 Ford Falcon insuring against property loss. In February 1969, he purchased a Ford Fairlane and extended the coverage to include the additional automobile. The total premium for one year's coverage was $627. Thereafter, plaintiff's Fairlane was involved in an accident which totally destroyed it. The driver at the time of the accident was a friend of plaintiff, one Harrison, a licensed driver under the age of twenty-five years.

Plaintiff made demand for payment of the property damage. Defendant declined payment, claiming that coverage was excluded by the provisions of an endorsement entitled "Oklahoma Hard-to-Place Auto Endorsement." The critical part of that endorsement provides:

"It is agreed that the following Exclusions are added to this policy:

"This policy does not apply:

. . . . . .

"2) To any loss which occurs when the automobile is operated by any

male under 25 years of age unless the application or subsequent endorsement declares a driver of this age."

After trial to the court on a stipulated set of facts and exhibits, the trial court found that plaintiff, a nineteen-year-old male, was declared in the endorsement, but held that because the particular driver at the time of the loss was not declared and *named*, the loss was excluded from coverage. New trial motion was denied and appeal is taken therefrom.

Appellant's propositions for reversal are:

"A. The provisions of the insurance policy were clear and unambiguous and the exclusion did not apply under the stipulated facts in this case."

"B. Should this court find the provisions of the endorsement to be ambiguous it should construe the policy in favor of the insured.

"1. Ambiguous provisions in contracts of insurance are construed in favor of the insured.

"2. Exceptions and exclusions in insurance policies are strictly construed."

The parties both contend that there is no ambiguity in the wording of the endorsement. The trial court found no ambiguity. Nor do we. However, appellee and the trial court arrive at one conclusion from its application to the facts of this case, while appellant and we arrive at an opposite conclusion.

Appellee apparently admits the declaration of plaintiff as a driver under twenty-five, for it argues in its brief that "there is no declaration of a driver under 25 years . . . *other than the insured*" (emphasis ours). The trial court found as a fact that plaintiff was under twenty-five and was declared in the endorsement. So the issue is: Does the declaration of "a driver" under twenty-five nullify the exclusion only for those drivers who are *named?* We cannot find any such limitation in the provisions of the policy or in the endorsement. It appears to us that the company accepted "hard-to-place" coverage and charged the extraordinarily high premiums involved on the basis that the vehicle was to be used by drivers under the age of twenty-five. The contract contains no implication that there is no coverage for losses while drivers under twenty-five are operating unless they be specifically named. The exclusion merely says that loss when any male under twenty-five is the driver is not covered unless "*a driver* of this age" is declared (emphasis ours). A driver of the category mentioned was declared. So as we view the matter, the company insured the vehicle while someone of that class of drivers was operating it. There is no issue about the particular driver being a permittee. Section III of the "Insuring Agreements" provides that with respect to property damage liability, the word "insured" includes any person while using the automobile "with the permission" of the named insured. There is nothing in the endorsement exclusion provision which requires that underage operators be *named*, nor is there anything in it which eliminates the ordinary and usual provisions related to permittees as operators. The opposing conclusions reached by the parties and by the two courts lead us to concede that the exclusion clause may be susceptible of different constructions. The trial court and appellee, we feel, read into the provision something which is not in fact there—that is, that all drivers under twenty-five must be specifically named in order to nullify the exclusion as to their operation. Had it been the intention of the contract to exclude losses occurring when the vehicle was operated by an underage driver not named, the contract could readily and easily have so provided. However, it merely said that the policy does not apply to a loss when the auto is operated by an underage driver unless the application or endorsement "declares *a* driver of this age." Did not the endorsement declare such a driver —one under twenty-five? Since it did, that subparagraph of the exclusion is not appli-

cable. But if the contract is susceptible of two constructions, we turn to the rule stated in Union Accident Co. v. Willis, 44 Okl. 578, 145 P. 812 (1915), where the Oklahoma Supreme Court said:

"Where the meaning of a policy of insurance is ambiguous, or so drawn as to be fairly susceptible of different constructions, it will be construed strictly against the insurer, and that construction adopted which is most favorable to the insured. [citing cases] Also, when a stipulation or exception to a policy of insurance emanating from the insurer is capable of two meanings, the one is to be adopted which is the most favorable to the insured. [citing cases]"

The tenor of this rule was most recently applied in Aetna Ins. Co. v. Zoblotsky, Okl., 481 P.2d 761 (1971).

The judgment of the trial court should be reversed and remanded, with directions (a) to enter judgment in favor of plaintiff on the issue of liability and (b) to determine the issue of damages.

Reversed and remanded for the purposes above indicated.

BACON, J., concurs.