**C. P. CULP, dba Culp Dr. Pepper Bottling Company, Plaintiff,**

v.

**NORTHWESTERN PACIFIC INDEMNITY COMPANY, a Corporation, Defendant.**

No. 6268.

United States District Court
N. D. Oklahoma.

Jan. 7, 1966.

A. M. Covington, Covington & Gibbon, Tulsa, Okl., for plaintiff.

Robert D. Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for defendant.

BOHANON, District Judge.

This is an action brought under the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and which the parties have submitted upon Stipulation of Facts.

The Stipulation of Facts is as follows:

"It is stipulated the parties are correctly identified in the complaint both as to nature of business and identity; that the policy attached to the complaint was in force and effect at the time of March 2, 1965; that the vehicle being driven at the time was listed on the schedule; that Frank Allen Grubb filed an action against the Plaintiff in the Superior Court of Creek County, Oklahoma, and Bill Tillman, as shown by copy of Petition which is hereto attached; that a fight occurred in the Thrifty Wise Grocery Store in Stillwater, Oklahoma, between Frank Allen Grubb and Bill Tillman; that at said time Grubb was employed as a route salesman for Pepsi Cola Bottling Company and Bill Tillman was employed by Plaintiff as a route salesman; that both men were in the general employ of their respective employers on March 2, 1965; that as

part of the duties of a route salesman, it was customary, to the extent it was considered necessary that each route salesman in calling upon a grocery store to deliver his soft drinks to the store, stack them into a display at a soft drink counter in order that customers of the grocery store could simply pick up cartons of soft drinks. In this way the operator of the store would have a minimum of problem in handling soft drinks; that it was further customary, and was in this instance, that the soft drinks of the various soft drink distributors be placed in one general location and they were each assigned specific space within that general location; that on the morning of March 2, 1965, Bill Tillman arrived ahead of Frank Allen Grubb. Both men carried bottles into the store on hand trucks and were there before either finished stacking his bottles. They became engaged in an argument as to where on the store racks each was to put his bottles. This argument resulted in a fight. That both parties were engaged in arranging their respective displays where the customers could pick up bottles just before the fight occurred. That it was customary that each route salesman would bring in his soft drinks on a hand truck and he would unload said hand truck and stack them into the display; that at the time of the fight, each of the participants had a hand truck loaded with bottles for unloading in the aisle and there was also located in the aisle several cartons of soft drinks of both parties which had been placed there by each of the men in re-arranging their respective displays; thus, when said fight occurred one of the sources of injury is that Grubb claims to have been knocked or pushed over said soft drinks when they had the aisle somewhat cluttered.

"It is further stipulated that Defendant was notified of said matter within a reasonable time and demand was made of the Defendant to assume the defense of said action and which was filed in the Superior Court of Creek County, Oklahoma, as above-described, and the Defendant refused to defend the same as shown by letter, copy of which is attached; that the purpose of this action is to determine if Defendant owes a duty to assume the defense of said action and to pay any judgment, if any, which may be found against Plaintiff.

"Dated this 21 day of December, 1965."

There is some additional background to this case that should be stated. Frank Allen Grubb, as plaintiff, brought an action in the Superior Court of Creek County, Oklahoma, against the defendants C. P. Culp, dba Culp Dr. Pepper Bottling Company, and Bill Tillman, wherein the plaintiff in the State Superior Court case alleged in substance that on or about March 2, 1965, while he was in the employment of Pepsi Cola Bottling Company, as a route salesman, and the defendant Bill Tillman was employed by the defendant C. P. Culp, dba Culp Dr. Pepper Bottling Company, as a route salesman, he, the plaintiff Grubb, and the defendant Tillman, were delivering for their respective employers certain beverages to the M & W Thrifty Wise Grocery in Stillwater, Oklahoma. That the said defendant Tillman did, without provocation, strike the plaintiff Grubb on the back of the head with a bottle and did otherwise beat and thrash the said Grubb. That the said defendant Bill Tillman was grossly negligent and acted willfully and with wanton disregard of the rights of plaintiff and without provocation intentionally struck and beat the plaintiff. That at all times the defendant Tillman was the agent, servant, and employee of the defendant Culp, dba Culp Dr. Pepper Bottling Company. Plaintiff further alleges in his State Court Petition that the defendant Tillman was a person of vicious propensities, which fact was known to his employer, Culp. As a result of this unlawful and intentional and wanton at-

tack, plaintiff suffered certain personal injuries, to his damage.

Plaintiff in the present case, C. P. Culp, dba Culp Dr. Pepper Bottling Company, seeks to require the defendant, Northwestern Pacific Indemnity Company, a corporation, to defend the State Superior Court action and pay any judgment rendered therein by reason of a policy of insurance issued by the said defendant insurance company to Culp covering certain motor vehicles owned and operated by Culp, one of which at the time involved herein was being used by the defendant Tillman, as the agent, servant, and employee of Culp.

The plaintiff Culp in the present case contends that the insurance company is bound by its insurance policy to defend him in the State Superior Court action and to pay any judgment up to the limits of its policy, to-wit: $100,000.

The pertinent parts of the policy of insurance issued by the defendant in this case provided:

The insurer:

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"Coverage A—To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Then by Paragraph VIII, under "Purposes of Use," it is provided:

"Use of the automobile for the purposes stated includes the loading and unloading thereof."

Then under Paragraph X of the conditions of the policy, it is provided:

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

In addition to these provisions, the policy defines the insured as "the named insured and, * * * his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or his spouse or with the permission of either * * * "

Plaintiff in this case takes the position that it is entitled to declaratory relief under Paragraph VIII of the policy, supra, being the loading and unloading provision thereof.

The plaintiff cites many cases to the effect that under an automobile insurance policy the "loading and unloading provision thereof," by the majority view, covers what is commonly referred to as "completed operations" theory, which includes the delivery of goods or merchandise from the truck at the point of destination and the return of the operator to the truck, where such acts of the operator, resulting in injury, is due to his negligence, and I find no fault with these decisions and this line of reasoning. Where, however, the operator of a motor vehicle engages in a quarrel with another person, resulting in an assault and battery upon the other person, there is then no question of loading or unloading. There must be a causal relation or connection between an injury and the ownership, maintenance or use of a vehicle in order for an accident or injury to come within the meaning of the clause "arising out of the ownership, maintenance or use" of a vehicle, and where such causal connection or relation is absent, coverage will be denied.

The identical question was decided in Pendergraft v. Commercial Standard Fire and Marine Company, 342 F.2d 427 (1965), C.C.A.10. This case involved

an assault identical with the one at issue here. The insurance policy was a "home owner's policy" which provisions are practically identical to those in the defendant's policy. In the Pendergraft case the exclusion was:

"* * * does not apply to bodily injury or property damage caused intentionally by or at the direction of the insured."

Defendant's policy provides as follows:

"10. Assault and Battery—Coverages A and B: Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

In the Pendergraft case, Garringer committed the assault. He was the son of the named insured, but an insured under the terms of the policy.

In the case at bar, Tillman was an employee of the named insured, but also was an insured under the policy.

From the Pendergraft Opinion, page 429:

"The parties to the policy in question have seen fit to limit the policy so as not to cover injuries caused intentionally by the insured. It has been held that a provision in a policy excluding coverage as to intentional injuries is designed to prevent indemnifying one against loss from his own wrongful acts. (Citing cases)"

"* * * By express policy limitation or judicial construction, it is held that a public liability policy only protects against liability on the ground of negligence; that is, the insured is not protected from the consequences of his own wilful and intentional wrongs, *nor against the wilful and intentional wrongs of his agents, committed with the intent to inflict injury, although the actual bodily injury sustained may have been accidental.*" (Emphasis supplied)

"Therefore, we have no difficulty in concluding that the injuries in question were not intended to be covered by the policy issued to Garringer's parents."

The defendant Tillman, at the time of the altercation, was an insured under the defendant's policy of insurance, and under the allegations of the Petition in the State Court, he wantonly and intentionally attacked the plaintiff; thus the attack was committed by or at the direction of the insured and there is no coverage under the policy according to its clear terms and conditions.

In determining the question of coverage under an insurance policy, this Court must take the allegations of the Petition of the plaintiff in the State Court as true, and this being so, the defendant Tillman unlawfully and intentionally, while an insured under the policy, did attack and beat the plaintiff.

Judgment will be entered declaring that the terms and provisions of the defendant's policy do not cover plaintiff in the suit pending in the Superior Court of Creek County, and the defendant will not be required to defend or pay any judgment rendered in that cause.