## COLUMBIA CASUALTY CO. v. ABEL et al.

### No. 3695.

United States Court of Appeals Tenth Circuit.

Dec. 1, 1948.

216

Clayton B. Pierce, of Oklahoma City, Okl., for appellant.

Robert Looney, of Oklahoma City, Okl. (Looney, Watts, Ross, Looney & Smith, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This action was brought in the United States Court for Western Oklahoma by Columbia Casualty Company, a corporation organized under the laws of New York, against James E. Able and LaVerne Ellington, citizens of Oklahoma, seeking a declaratory judgment construing a policy of automobile insurance.

The insurance company issued the policy to Abel covering his automobile. The policy obligated the company to defend in the name and on behalf of the insured any suit against him alleging injury and seeking damages on account thereof, even though the suit be groundless; it further obligated the company to pay on behalf of the insured all sums which he should become obligated to pay by reason of the liability imposed upon him by law for damages caused by accident and arising out of the ownership, maintenance, or use of the automobile; and it further obligated the company to pay to or for each person who should sustain bodily injury, caused by accident and arising out of the use of the automobile while in or upon, entering or alighting from the automobile while used by the insured, the reasonable expense of necessary medical, hospital, and professional nursing services. It contained provisions fixing the maximum amount of the liability for each person suffering bodily injury and for medical payments for each person injured but those provisions do not have material bearing here. And it provided that assault and battery should be deemed an accident unless committed by the insured or at his direction. While the policy was in force and effect, LaVerne Ellington was riding with Abel as a guest in the automobile in a sparsely populated area of Oklahoma City. Abel attempted to put his arm around her and made improper proposals to her. She protested, requested that the automobile be stopped, and urged that she be allowed to leave. He increased the speed of the automobile, continued his conduct, and said that he would let her out when he was ready. Fearful that she would be attacked, she informed him that she intended to jump from the automobile and started to open the door. He grabbed her and drew her

back. She again tried to leave the automobile. As she opened the door and was attempting to jump, he speeded up the automobile, swerved it to the left, or otherwise suddenly changed its course. Her foot slipped and she fell to the pavement, striking her head on the pavement and suffering serious injury.

LaVerne Ellington filed suit in the state court against Abel seeking damages for her personal injuries. He called on the insurance company to defend the suit. The company then brought this action for a declaratory judgment of no obligation under its policy to defend the suit in the state court and of non-liability for any judgment which might be rendered on account of the personal injuries involved. LaVerne Ellington filed an answer and counterclaim. She alleged in the answer that in the event she should recover judgment in the state court, the insurance company would be obligated to pay the amount thereof, not to exceed the maximum amount specified in the policy; and by the counterclaim, she sought judgment for medical expenses incurred and to be incurred as the result of the injury. Abel answered, denying the material allegations contained in the complaint. The court determined that the injuries which LaVerne Ellington suffered were caused by accident; that they arose out of the maintenance, operation, and use of the insured automobile; that under the terms of the policy, the company was required to defend the case in the state court and to pay on behalf of the insured all sums which he should become obligated to pay LaVerne Ellington by reason of the liability imposed upon him by law for damages; and that the company was presently liable to LaVerne Ellington for medical expenses in the amount of $831.25. Judgment was entered accordingly, and the insurance company appealed.

■ The judgment is challenged on the ground that the accident resulting in personal injuries did not arise out of the ownership, maintenance, or use of the automobile within the meaning of the insuring agreement of the policy. The argument is that LaVerne Ellington did not accidentally fall from the automobile;

that she intentionally jumped from it; and that therefore her injuries were not caused by accident. Under the terms of the policy coverage for personal injuries was limited to the liability of the insured caused by accident and arising out of the ownership, maintenance, or use of the automobile. Therefore in order for the company to bear any obligation under the policy to defend the insured in the case pending in the state court, or to bear any obligation to pay on his behalf all sums, within the maximum amount fixed in the policy, which he should become obligated to pay LaVerne Ellington by reason of the liability imposed upon him by law for damages, it is an essential prerequisite that her injuries were caused by accident that arose out of the use or operation of the automobile. Taking up the question whether her injuries were caused by accident within the meaning of the insuring agreement contained in the policy, in Union Accident Co. v. Willis, 44 Okl. 578, 145 P. 812, L.R.A.1915D, 358, the policy covered injuries sustained through external, violent, and accidental means. The insured was knocked down by a blow in the face struck by one with whom he had differences. Striking the pavement, the insured sustained a fracture of the skull resulting in his death. It was held that while the blow was intentionally inflicted, the result was unforeseen and unusual, not such as would ordinarily follow a blow of the fist; that it was not the ordinary result of a deliberate act reasonably anticipated by the one inflicting the blow; and that therefore the company was not free of liability under the policy. In Mid-Continent Life Insurance Co. v. Dunnington, 177 Okl. 484, 60 P.2d 1047, the policy provided for certain payments for bodily injury effected solely through external, violent, and purely accidental means. The insured and his family entertained guests, and drinks were served. In a moment of exuberation induced by the alcohol he had imbided, the insured tweaked the nose of a guest. In resentment, the guest struck the insured in the eye and the sight of the eye was lost. Citing with approval Union Accident Co. v. Willis, supra, it was held that the injury was accidental within the meaning of the

policy, although the blow was intentionally struck. In Mid-Continent Life Insurance Co. v. Davis, 174 Okl. 262, 51 P.2d 319, the policy contained a double indemnity provision for death caused by accidental means. The insured, another man, and two women were having a party in the apartment of the other man on the first floor of an apartment building. The ground upon which the building was located sloped from front to back. The windows in the front part of the building were only a few feet from the ground while those at the rear were higher. The insured entered through the front door of the building and he had never been at the rear of the building. The party became noisy, and sometime after midnight officers entered the apartment and told the two men and the two women that they must get ready to go to the police station. In the excitement of the strained and embarrassing circumstances, the insured jumped out of a window which was higher from the ground than the windows in the front part of the building. He struck a metal awning immediately under the window, the awning gave way, and he fell to the ground, striking the ground in such way as to cause a fracture of the skull which caused his death. Even though the insured intended to jump out of the window and flee from the officers, it was held that since he purposed to land on his feet and did not anticipate a fall with serious results, the company was liable under the double indemnity provisions contained in the policy. Here, in a sudden momentary excitement caused by the acts and conduct of the insured, LaVerne Ellington intended to jump from the automobile as a means of saving herself from possible ravishment. But she intended to land on her feet. She did not anticipate that the speed of the automobile would be increased, that it would be swerved to the left, that her foot would slip, that she would lose her balance, and that as the result she would fall on her head and suffer serious personal injuries. We think that under the law of Oklahoma, the injuries sustained by LaVerne Ellington were caused by accident within the meaning of the insuring agreement contained in the policy.

But under the critical language in the policy, the mere fact that the injuries sustained by LaVerne Ellington were caused by accident, standing alone and without more, was not enough to obligate the company to defend the suit in the state court or to pay on behalf of the insured any part of the damages which might be awarded in the action. In addition, it was essential to any obligation on the part of the company under the policy that the accident be one arising out of the operation and use of the automobile. Knowing that LaVerne Ellington was about to jump from the automobile, the insured increased its speed and swerved it to the left. It seemed to move away from her. Her foot slipped. She lost her balance. And she fell to the pavement, striking her head. Increasing the speed of the automobile and swerving it to the left under the peculiar circumstances then existing constituted negligence on the part of the insured in the operation and use of the automobile. That negligence was one of the contributing causes of the accident with its resulting injuries. Cf. Earl W. Baker & Co. v. Lagaly, 10 Cir., 144 F.2d 344, 154 A.L.R. 1098. And therefore the injuries sustained as the result of the fall arose at least in part out of the operation and use of the automobile, within the meaning of the insuring agreement contained in the policy. Huntington Cab Co. v. American Fidelity & Casualty Co., 4 Cir., 155 F.2d 117.

It may be that the act of LaVerne Ellington in preparing to jump from the automobile or in jumping from it with the intent to land on her feet was one of the contributing causes of the accident with its resulting injuries. Even so, the act of the insured in speeding up the automobile and swerving it to the left causing her foot to slip, was also a contributing cause. But the policy obligated the company to defend any action against the insured in which bodily injury was alleged caused by accident and arising out of the ownership, maintenance, or use of the automobile, and to pay on his behalf all sums not in excess of the maximum fixed in the policy for which he should become liable for bodily injury brought about in that manner. It did not restrict or limit the obligation of

the company in those respects to instances where bodily injury was caused solely and exclusively of all other causes by accident arising out of the ownership, maintenance, or use of the automobile. And where accidental injury is proximately caused by two or more concurrent causes only one of which is within the coverage of a policy of this kind, the company is liable even though other causes contribute to the accident. Zimmerman v. Continental Life Insurance Co., 99 Cal.App. 723, 279 P. 464; Pacific Mutual Life Insurance Co. v. Smith, 166 Ark. 403, 266 S.W. 279.

Under the terms of the policy, assault and battery committed by the insured or at his direction was expressly excluded as an accident. Assault is defined in Oklahoma as any willful or unlawful attempt or offer with force or violence to do a corporal hurt to another, 21 O.S.1941 § 641; and battery is defined as any willful and unlawful use of force or violence upon the person of another, 21 O.S.1941 § 642. While the acts and conduct of Abel toward LaVerne Ellington may have constituted an assault, they did not constitute assault and battery as thus defined. But the suit filed in the state court was not predicated solely upon assault and battery. It was predicated at least in part upon the increased speed and the swerving of the automobile as the proximate cause of the accident and resulting injuries. Therefore, the provision in the policy relating to assault and battery committed by the insured or at his direction did not operate to absolve the company from obligation to defend the action and to pay on behalf of the insured any amount which might be recovered therein, not to exceed the maximum specified in the policy.

The second ground advanced for reversal of the judgment is that the medical expenses incurred by LaVerne Ellington were not the result of bodily injury caused by accident arising out of the use of the automobile within the meaning of the insuring agreement of the policy. For the reasons already outlined, this contention is not well-founded.

The judgment is affirmed.