**EMPLOYERS SURPLUS LINES OF BOSTON, MASSACHUSETTS, Plaintiff in Error,**

v.

**W. L. STONE, Defendant in Error.**

**No. 40276.**

Supreme Court of Oklahoma.

Dec. 10, 1963.

Rehearing Denied Jan. 7, 1964.

Alfred B. Knight, Tulsa, for plaintiff in error.

Joe R. Boatman, Muskogee, for defendant in error.

DAVISON, Justice.

This is an appeal by Employers Surplus Lines of Boston, Massachusetts (defendant below) from a money judgment rendered against it and in favor of W. L. Stone (plaintiff below). The judgment was based on defendant's liability under the terms of a policy of liability insurance issued by it to "Western Hills Riding Stables". The named insured was a partnership composed of plaintiff W. L. Stone and one A. B. Griffith and was engaged in the business of renting horses for riding in and about a state park. The parties will be referred to as they appeared below or as the insurer and Stone respectively.

While the insurance policy was in force and effect one Brousseau filed a suit in the District Court of Muskogee County against A. B. Griffith and Bill Stone (plaintiff W. L. Stone in the present action) and Oklahoma Planning and Resources Board alleging they were a co-partnership in operating a horseback riding concession in a state park; that A. B. Griffith was the immediate person in charge and that a horse was rented to the said Brousseau; that upon returning the horse the said Griffith committed an unjustified and unprovoked assault and battery upon Brousseau (alleging the details); whereby Brousseau suffered personal injuries and for which he sought recovery of damages. The insurer was given notice of the suit and the insurer refused to defend or to take any action in the suit. Thereafter a settlement was negotiated with Brousseau by which Stone paid $1200 to Brousseau and the action was dismissed with prejudice.

Stone then commenced the present action against the insurer to recover the $1200 and a $500 attorney fee paid to his attorney for services rendered in the Brousseau suit, alleging that Western Hills Riding Stables was a partnership composed of Stone and A. B. Griffith; that insured issued a policy of liability insurance to Western Hills Riding Stables; alleging the Brousseau suit and the settlement of the same after

insurer refused to defend such action, and that Stone was not present at the altercation and that the acts of Griffith were not at his direction nor with his approval; and that insurer had breached the terms of the insurance policy. The substance of insurer's answer was that the altercation and the injuries of Brousseau did not constitute an accident under the terms of the policy and that consequently there was no insurance coverage.

Trial was had to the court without a jury and resulted in a judgment for Stone. The evidence reflected the existence of the partnership and that Stone was not present at the time of the altercation and neither directed nor approved the assault and battery upon Brousseau; that Griffith handled the operation of renting the riding horses and that the altercation arose out of an incident connected with the rental of a horse to Brousseau.

It is insurer's contention that the assault and battery committed by Griffith upon Brousseau was not an accident as defined in the policy and therefore insurance coverage was not extended to the plaintiff Stone. No question is raised as to the reasonableness of the settlement or the attorney fee paid by Stone.

In their briefs both parties agree on the proposition that the general rules of law applicable to agents applies to partners and that every partner is a principal and also an agent for the firm and for the partners for all purposes within the scope and objects of the partnership. Also both parties cite 54 O.S.1961, Sec. 213:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

and the applicable part of 54 O.S.1961, Sec. 215:

"All partners are liable

"(a) Jointly and severally for everything chargeable to the partnership under Sections 13 * * *"

As stated the policy was issued to Western Hills Riding Stables as insured. The insurance policy in its insuring agreement under coverage A provides that the insurer shall:

"* * * pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury * * * Sustained by any person, caused by accident and arising out of the hazards hereinafter defined. * * *"

The policy also provided under Definition of Insured as follows:

"With respect to the Insurance under coverages A, B and C the unqualified word 'Insured' includes the Named Insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the Named Insured. If the Named Insured is a partnership, the unqualified word 'Insured' also includes any partner therein but only with respect to his liability as such. * *"

It further stated:

"* * *

"(d) Assault and Battery. Under coverages A and B, assault and battery shall be deemed an accident unless committed by or at the direction of the Insured."

The insurer argues that in view of the agent and principal relationship existing between the partners as to themselves and as to the partnership, and because of the above quoted statutory provisions declaring the liability of the partnership and the partners for injury occasioned by the wrongful act of a partner in the ordinary course of business, that the assault and battery by Griffith (he being the managing partner) was the act of the insured or was the equivalent of being done at the direction of the insured. The insurer concludes the partnership and all its members are excluded from coverage since the assault and battery was not an accident as defined in the policy.

Counsel for the parties cite no decisions of this court and our research has found none that pass upon the instant situation.

It is our conclusion that the decision in Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E.2d 273, determines the proposition contrary to the contentions of the insurer. The terms of the policy in that case were practically identical with those in the present case. Two individuals were named as the assured with a provision that the word "assured" included any partner thereof. The assureds owned and operated a rental property as partners and one of the partners, in the course of the partnership business, committed an assault upon a tenant. The tenant recovered a judgment against the two partners and, when the judgment was not satisfied, sued the insurer. The tenant's ground for recovery against the insurer was that he "stood in the shoes" of the insured non-assaulting or innocent partner and that he was entitled to avail himself of such insured's right of indemnity against the insurer. The decision holds that the tenant should recover and thereby determined that the innocent partner had an enforceable right of indemnity against the insurer.

The court in arriving at the above conclusion stated that the provision of the policy that the word "Assured" includes partners of the assured was an extension of coverage to "additional assureds." The court said that the exclusion from coverage of an assault by or at the direction of an assured was in accord with public policy not to indemnify a person against losses because of his criminal acts and that this was

the intent of that exclusory provision. The court expressed itself as follows:

"* * * The denial of coverage to an assured for liability imposed upon him for an assault in which he himself took no part finds no justification in the policy which lies behind the exclusory provision. To indemnify him does not save him from the consequences of his criminal act for he committed none.

* * * * * *

"The proper view of the policy under consideration is that by it the defendant has undertaken separate and distinct obligations to the various assureds, named and additional, and where liability is imposed upon one of the assureds for an assault by another assured in which he took no part, the result should be no different for that which would obtain where the assault was committed by a person who is not an assured—e. g., an employee. * *

"* * * In short, since defendant has undertaken separate obligations to each of the assureds, an assault committed by an assured relieves the defendant insurer of its obligation to that particular assured but not of its obligations to the other assureds. * * *"

Similarly in the present case the insurer has recognized and insured Western Hills Riding Stables as a partnership entity and by the terms of the policy has defined the "unqualified" word "Insured" to include any partner therein and as such they are "additional insureds," to whom the insurer has assumed separate obligations. The plaintiff Stone does not fall within the exclusion terms of the policy since he neither committed nor directed the assault. To indemnify Stone does not save him from the consequences of his act of assault for he committed no act of assault and did not direct one.

It is our opinion that as to the plaintiff Stone the assault and battery was an accident and that plaintiff was entitled to the indemnity benefits of the policy.

The decisions cited by insurer are distinguishable or are not in conflict with our conclusion.

Insurer cites De Luca v. Coal Merchants Mut. Ins. Co., 203 Misc. 261, 59 N.Y.S.2d 664. This decision was distinguished in Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, supra, and we adopt the following explanation in that case:

"* * * There the liability policy excluded from coverage assaults committed by or at the direction of the corporation insured. The assault was committed at the direction of the manager and president through whom, as agent, the corporation acted. Thus his acts were its acts. The situations there and here are not alike."

Insurer also cites Malanga v. Manufacturers Casualty Insurance Company, 28 N.J. 220, 146 A.2d 105, wherein the insured was a partnership entity and one of the partners, while operating an earth-moving machine, had an argument with a third person and drove the machine against such person. The partnership paid the judgment rendered against it for the person's injuries and then sued the insurer on the policy for reimbursement. The decision relies to a great extent upon the decision in Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, supra, and concluded that the exclusory clause of the assault and battery provisions in the policy was without effect as to the plaintiff partnership unless the assault and battery committed by the partner could be deemed to have been committed by or at the direction of the partnership. The court determined from the evidence that the assault was not committed by or at the direction of the partnership.

In the present case we have likewise concluded that the assault was not committed by or at the direction of the plaintiff Stone.

Affirmed.

BLACKBIRD, C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, V. C. J., dissents.

HALLEY, Vice Chief Justice (dissenting).

I dissent to the majority opinion for the reason that I think it misinterprets the provisions of the insurance policy involved herein. In the policy under Insuring Agreements, this language is found:

"1. Coverage A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, *caused by accident* and arising out of the hazards hereinafter defined.

"Coverage B—Property Damage Liability

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of . property, including the loss of the use thereof, *caused by accident* and arising out of the hazards hereinafter defined." (emphasis supplied)

We all know that assault and battery is not an *accident*. It is a *wilful* and unlawful attempt to use and the using of force or violence to do bodily harm to another. 21 O.S.1961 §§ 641, 642. Therefore unless a further provision of the insurance policy enlarges the meaning of *accident,* the injury in the instant case clearly would not be within the coverage of the policy.

The further provision of the policy to which I have reference is:

"Conditions

\*    \*    \*    \*    \*    \*

"3. Definitions

\*    \*    \*    \*    \*    \*

"(d) Assault and Battery. Under coverages A and B, assault and battery shall be deemed an accident *unless committed by* or at the direction of *the Insured*." (emphasis supplied)

This provision allows assault and battery to be included in the coverage for injuries caused by accident, unless the assault and battery was committed by the insured.

In this case Griffith committed the assault and battery. Was he the insured? He was a partner in the partnership doing business under the name of Western Hills Riding Stables, the named insured under the policy. The policy provides under "Definition of Insured" the following:

"\*   \*   \* *If the named insured is a partnership, the unqualified word 'Insured' also includes any partner therein,* but only with respect to his liability as such." (emphasis supplied)

Griffith was a partner with respect to his liability as such. If this were not true, neither the partnership entity nor Stone would be liable for Griffith's wrongful acts. Since all agree that Stone is liable for Griffith's acts because Griffith is a partner and has liability as such, it follows that Griffith is the Insured under the above policy definition. Since Griffith (the Insured) committed the assault and battery, the assault and battery is *not* deemed to be an accident. Therefore, there is no coverage under the policy because the policy covers only injuries caused by accident, not those caused by wilful force or violence.

The case of Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E.2d 273, which is relied on by the majority opinion, is not in point in my opinion. There the policy Declarations were as follows:

"1. Name of Assured Murray Cronin and Morris Levanthal \* \* \*

"3. The Assureds are individuals (Individual, Partnership, Corporation, Trustee or Estate)."

The Court of Appeals of New York quoted the above declarations then said:

"\* \* \* The situation then is the same as if separate policies had been issued to Cronin and Leventhal and we were concerned here only with the policy issued to Cronin. \* \* \*"

The New York Court then stated that the coverage for Cronin, being a named in-

sured under his own separate policy (in effect), could not be defeated just because the assault was committed by an additional insured.

The above situation is the exact opposite of the situation presented by the instant case. Here we have the assault committed by the named insured, the partnership, and an additional insured attempts to have coverage extended to him notwithstanding that fact.

To me it is plain that the insurer never intended to assume liability for assaults and batteries of either one of the members of the partnership.

I dissent.