**LUMBERMENS MUTUAL INSURANCE COMPANY, MANSFIELD, OHIO,**
Plaintiff in Error,

v.

**Timothy S. BLACKBURN, by W. S. Blackburn, Father and Next Friend of Timothy S. Blackburn, a Minor, and W. S. Blackburn, Individually, Defendants in Error.**

No. 42541.

Supreme Court of Oklahoma.

Nov. 17, 1970.

Joseph LeDonne, Jr., Tulsa, for plaintiff in error.

Paul W. Brightmire, Tulsa, for defendants in error.

BLACKBIRD, Justice.

Timothy S. Blackburn, minor son of W. S. Blackburn, received a serious injury to his head from a rock, clod, or other hard object thrown in his direction allegedly by one of five of his male schoolmates, while attending a Tulsa Junior High School. Thereafter, Dennis L. Steele, and the four other boys, whose surnames are Spears, Skaistis, MacArthur, and Herrington, respectively, were named defendants in a tort action, which Timothy and his said father, W. S. Blackburn, hereinafter referred to as "plaintiffs", instituted to recover compensatory and punitive damages on account of Timothy's said injury.

Thereafter, in June, 1965, in said damage suit, a jury returned a verdict for those plaintiffs in the total sum of $36,500.00; and a judgment for that amount, plus costs and interest at the rate of 6% per annum until paid, was rendered accordingly.

Thereafter, in November of the same year, the above named plaintiffs and de-

fendants, except Steele, entered into a written agreement, which is said to have recited, as its object, the fixing of $8,000.00 of said judgment, and one-fourth of the court costs in said action, as the individual obligations of each of these four defendants, thereby enabling plaintiffs to attempt recovery of additional amounts against the defendant, Steele, and/or his insurance carrier, without the possibility of an appeal by one or more of the other four named defendants.

Thereafter, plaintiffs caused execution on said judgment to be issued against Steele, and, after it was returned "No Property Found", they commenced the present garnishment proceedings (in aid of execution) against Steele's insurance carrier, Lumbermens Mutual Insurance Company of Mansfield, Ohio, hereinafter referred to both as "garnishee" and "insurer".

The basis of this proceeding against said garnishee is a so-called "Homeowners Policy" of insurance, said garnishee had issued, in which young Steele is an "Insured". Under said policy's Section II. "COVERAGE E", the insurer agrees to pay, on behalf of the insured, all sums which the latter shall become legally obligated to pay as damages because of bodily injury or property damage; but, under paragraph "(c)" of the policy's "SPECIAL EXCLUSIONS" portion, said Section II does not apply "under Coverages E and F, to *bodily injury* or property damage *caused intentionally by* or at the direction of *the Insured*." (Emphasis added.)

At the trial of the garnishment proceeding, the court, according to the journal entry of its judgment, found that the parties had stipulated to the existence of facts essential to the rendition of said judgment and that the matter was submitted to the court on questions of law, after waiver of trial by jury.

In said judgment, the court further found that plaintiffs' June, 1965, judgment had been satisfied (as per the hereinbefore mentioned November, 1965, agreement) to the extent of $16,000.00; and the judgment continued as follows:

" * * * leaving to the Court * * * a determination of the following three (3) issues:

(1) Whether garnishee's policy covers the liability of the defendant, Dennis L. Steele;

(2) Whether the 'Agreement' entered into on November 3, 1965, satisfies the judgment to the extent of Thirty-Two Thousand Dollars ($32,000.00);

(3) The amount of attorney fees plaintiffs' attorney would be entitled to as a matter of law in pursuing the garnishment action.

The Court thereupon finds that by stipulation of the parties, *the intentional acts committed by the defendant, Dennis L. Steele, were without any intent to injure plaintiffs* and therefore, garnishee's insurance policy covers the liability of the defendant, Dennis L. Steele, with reference to the original action filed herein.

The Court further finds that *the 'Agreement'* entered into on November 3, 1965, *has no effect on* the satisfaction of *the judgment* entered on June 19, 1965, and that there remains unsatisfied on said judgment, the sum of $20,500.00 plus interest on $36,500.00 from June 19, 1965, until January 3, 1967 ($3,467.50) and thereafter on $20,500.00 at legal rate to date.

\* \* \* \* \* \*

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, by the Court, that plaintiffs be and they are hereby granted judgment against Lumbermens Mutual Insurance Company, Mansfield, Ohio, garnishee, the amount of $20,500.00 plus accrued interest to January 3, 1967, in the sum of $3,467.50 with interest at legal rate on the total thereof until paid.

IT IS FURTHER ORDERED that plaintiffs' attorney, Paul W. Brightmire,

be and he is hereby awarded judgment against garnishee in the sum of $2,000.00 as attorney fees for the prosecution of this *garnishment action; together with all court costs.* \* \* \* "

(Emphasis added.)

After the overruling of the motion for a new trial thereafter filed by it, the insurer lodged the present appeal.

Insurer's arguments in support of its first proposition to the effect that its indemnity of Steele for judgments against him for damages on account of personal injuries to others does not extend, because of the hereinbefore quoted exclusion, to judgments like the hereinbefore mentioned one plaintiffs obtained in the main action, can only have relevancy to the extent it shows the trial court erred in its finding to the effect that, even though Steele committed "intentional" acts, he did not do so with *intent to injure* plaintiffs—thus demonstrating that said exclusion does not apply. The arguments insurer advances and the cases it cites do not show such relevancy and are not pertinent, or applicable, to the facts of this case.

▆ In our opinion, the majority of the better-reasoned opinions in cases involving insurance policy exclusion provisions with language like the one involved here, or wording of similar import, require that the intention of the person, whose act caused the injury, "must be to inflict the injury actually inflicted and must be directed against" the party injured "and not against another" or against a group of individuals. In this connection, see 45 C.J.S. Insurance § 772, at footnotes 53 to 55, both inclusive, and the cases there referred to. The insurer's arguments are irrelevant because they focus upon acts possibly causing the injury and the question of whether or not they were intentionally performed— rather than upon the injury, as does the language of the subject policy's exclusion provision. In this connection, see the discussion in Smith v. Moran, 61 Ill.App.2d 157, 209 N.E.2d 18, p. 19, in which the court said, among other things:

"The appellant cites Hill v. Standard Mut. Casualty Co., 7 Cir., 110 F.2d 1001, as authority for its contention. However, the exclusionary clause in that case stated that the insurance company would not be liable for damage caused by intentional *acts* of the assured. The case before us relates to *injury* caused intentionally by or at the direction of the insured. \* \* \* "

For a discussion of the distinction—in reference to insurance exclusionary provisions —between the intentional *act* which causes an injury, and an intentional *injury,* see Cooper v. National Life Ins. Co., 212 Mo. App. 266, 253 S.W. 465, 466, 467, both inclusive. See also Olson v. Southern Surety Co., 201 Iowa 1334, 208 N.W. 213, 217, in which this distinction was recognized in a case where the insurer sought to bring an insured's death within the exclusionary provision of the policy it had issued to him; and the court said, among other things:

"       \* \* \*

It is not conclusively shown that the blows, which inferentially fell on the insured, were intended for him. Such proof is essential to bring the defendant within the exception. (Citing Union Accident Co. v. Willis, 44 Okl. 578, 145 P. 812, L.R.A.1915D, 358, and other cases)

\*     \*     \*     \*     \*     \*

*The intention* in our opinion *must be to commit injury, as well as* to do the act, and must be toward the insured—conduct intentionally directed to injuring him. (Citing cases)  \* \* \* "

(Emphasis added)

The distinction we have been alluding to has always been recognized by this Court. See Union Accident Co. v. Willis, supra, and other cases discussed in Columbia Casualty Co. v. Abel (U.S.C.A., 10th Cir.), 171 F.2d 215, 217, 218, though in the more recent case of Pendergraft v. Commercial Standard Fire & Marine Co. (U.S.C.A., 10th Cir.), 342 F.2d 427, 429, the same Federal Appellate Court gave this no significance, citing as its reason for not following the precedents of this Court's health

and accident insurance cases, the fact that whether or not the injuries involved were accidental was not an issue in the case before it. In the absence of a decision of this Court in an indemnity policy case which that Court considered "exactly in point", it chose to follow the rule (which it said was the prevailing one in its circuit) of giving great weight to "the federal trial judge's interpretation of local law." Also, there, the trial judge found that the insured minor's injury was inflicted *with the intent of inflicting personal injury,* while here, the trial judge found that, by the parties' stipulation, Dennis Steele's intentional acts were committed *without any intent to injure plaintiffs.* If this is an undisputed fact —and the judgment's recital is not directly contradicted—then, the presumption or rule of tort and criminal law that a person intends the natural and probable consequences of his intentional acts (mentioned in Pendergraft, supra) if ever applicable (see American Insurance Co. v. Saulnier, U.S.D.C., Conn., 242 F.Supp. 257, 261, and the annotation to General Accident, Fire & Life Assurance Corporation, Ltd. v. Hymes, 77 Okl. 20, 185 P. 1085, 8 A.L.R. 218) is irrelevant; and it is our opinion, in accord with the principles and precedents above referred to, that the trial court committed no error in holding that the liability of the insured, Dennis Steele, in connection with Timothy Blackburn's injury, was not excluded by the above quoted exclusionary provision, but, on the other hand, was covered by the subject policy.

■ Under its PROPOSITION II, insurer argues that the hereinbefore mentioned agreement of November 3, 1965, between plaintiffs and four of Steele's co-defendants in the main action, satisfied the judgment plaintiffs had therein obtained, to the extent of $32,000.00. Insurer does not deny plaintiffs' representations that only $16,000.00 had been paid on this judgment prior to the garnishment judgment, nor that such payment was made by only two of the defendants, Spears and Herrington, or that said agreement has been rescinded as to the other two defendants, Skaistis and MacArthur. By arguing that, because of the lapse of the period within which defendants could have lodged an appeal from the Thirty-Six-Thousand-Five-Hundred-Dollar judgment, at least part of the consideration for said agreement has already flowed from those four defendants to plaintiffs, and said agreement has become an executed contract, the insurer takes the position that plaintiffs may or might compel payment of another $16,000.00 on the judgment from Skaistis and MacArthur, so that the principal judgment that the trial court rendered in the present garnishment proceedings against insurer (as Steele's indemnitor) should have been no more than $4,500.00. We find no merit in this argument. Insurer does not deny that the judgment of $36,500.00, rendered in the main action against the five minor defendants therein, was a joint and several obligation of each, extending to that entire amount of money; and the possibility of collecting said judgment's unpaid balance from the other judgment debtors in no way detracts from, or diminishes, Steele's, or his insurer's, present liability for the full amount of that unsatisfied balance.

■ Under its PROPOSITION III, insurer argues that the trial court erred in taxing the costs of the original action against it. Plaintiffs say that, in advancing this argument, insurer misconstrues the judgment, which they say directs insurer's payment of only the court costs in the garnishment proceedings. They further say that they have no objection to our so construing the garnishment judgment, but that this is not an issue in this appeal, because no such alleged error was assigned in the petition in error, or amended petition in error, citing Roberts v. Roberts, Okl., 357 P.2d 980. We agree with plaintiffs' interpretation of the language of the hereinbefore quoted judgment; and, under the circumstances, we find no justiciable question presented by insurer's PROPOSITION III.

As we have determined that none of the insurer's arguments present any cause for

modifying or reversing the trial court's judgment, said judgment is hereby affirmed.

■ Plaintiffs' answer brief contains a request to this Court to allow them a certain additional amount as a fee for their attorney's services in resisting the insurer's present unsuccessful appeal. In our opinion, the sum of $1,000.00 is a reasonable allowance for said fee. Accordingly, plaintiffs are hereby granted judgment in the sum of $1,000.00 against the insurer, Lumbermens Mutual Insurance Company, Mansfield, Ohio, said sum to be taxed, and paid, as a part of the costs of this action, for which execution may issue after the mandate of this Court is spread of record in the trial court.

IRWIN, C. J., and WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.

BERRY, V. C. J., and DAVISON and McINERNEY, JJ., concur in result.