MASSACHUSETTS BAY INSURANCE COMPANY, Plaintiff,

v.

Michael GORDON and Ernest Wilbur McMichael, a/k/a Mike McMichael, Defendants.

No. CIV–88–1370–A.

United States District Court, W.D. Oklahoma.

March 21, 1989.

Michael D. Lewis, Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., for plaintiff.

H.C. Cooper, Oklahoma City, Okl., for Gordon.

Steve Estes, Moore, Okl., for McMichael.

ORDER

ALLEY, District Judge.

Before the Court in this matter is plaintiff Massachusetts Bay Insurance Company's motion for summary judgment and Ernest McMichael's cross-motion for summary judgment.

Plaintiff seeks a declaratory judgment that it has no duty to pay any judgment against defendant McMichael arising from a civil action against McMichael in Cleveland County District Court, State of Oklahoma, case no. C–88–1895T, nor any duty

to defend such action, by virtue of its homeowner's insurance policy issued to Ernest McMichael and Bobby McMichael.

*Facts*

Ernest McMichael (hereinafter "McMichael") and Bobbie McMichael (hereinafter "Bobbie") were divorced in 1984. They continued to live together after the divorce, and purchased a home together in 1986. A homeowners insurance policy was obtained from plaintiff, which named both McMichael and Bobbie as insureds. In July 1987, McMichael moved out of the home, and Bobbie continued to reside there. On December 5, 1987, defendant Gordon was spending the night at the home with Bobbie when McMichael forcibly, unlawfully, and without consent entered the home and assaulted and battered Gordon with his fist, repeatedly stating "I'm going to kill you." Gordon suffered physical injuries from this assault, for which he brought the state court action for assault and battery against McMichael. That action resulted in a judgment for Gordon against McMichael in the amount of $9700 actual damages and $10,-000 punitive damages. McMichael has also pled guilty to the criminal misdemeanor offense of entering a building with intent to commit a felony, larceny, or malicious mischief, 21 O.S. 1438.

McMichael requested that plaintiff defend him in the state court action, and indemnify him for any liability he might incur. Plaintiff denied both requests on grounds that an assault and battery was an intentional act not covered by the homeowner's policy.

*Analysis*

Three issues are presented by these motions: (1) Is plaintiff liable under the terms of the policy for any part of Gordon's judgment against McMichael? (2) Was plaintiff under a duty to defend McMichael against Gordon's suit? (3) Is plaintiff liable for any costs assessed against McMichael in the state action?

*Issue 1—Personal Liability and Medical Payments Coverage*

The policy provides, under Coverage E, Personal Liability, that, if bodily injury is caused by an *"occurrence* to which this coverage applies (emphasis added)," plaintiff will pay damages for which the insured is legally liable, within policy limits, and will also provide a defense to any suit brought against insured. (Policy, p. 21.) "Occurrence" is defined in the policy as an "accident, including exposure to conditions, which results ... in bodily injury...." (Policy, p. 2.) Under Coverage F, Medical Payments to Others, plaintiff promises to pay medical expenses attributable to an *accident* causing bodily injury. (Policy, p. 21). Section II, Exclusions, provides that Coverage E, Personal Liability, and Coverage F, Medical Payments, do not apply to bodily injury ... which is expected or intended by the insured. (Policy, p. 22).

Thus, plaintiff's liability for indemnification of McMichael's liability to Gordon, for Gordon's medical payments, and for providing a defense to McMichael all turn on whether Gordon's injury was caused by an "occurrence" or "accident" within the meaning of the policy. In addition, coverage is excluded if the injury was "expected or intended" by McMichael.

McMichael argues that the exclusion provision applies only if it is shown that McMichael expected or intended, not merely to assault and batter Gordon, but to inflict the injuries actually inflicted, relying on *Lumbermens Mutual v. Blackburn,* 477 P.2d 62 (Okla.1970). In *Blackburn,* the Court required that the intention of the person whose act caused the injury be to inflict the injury actually inflicted, rather than simply to do the act causing the injury, distinguishing intentional *acts* from intentional *injuries. Id.* at 65. However, the homeowner's policy at issue in *Blackburn,* unlike plaintiff's policy, did not limit coverage to an "occurrence" or "accident," but simply promised to pay all sums for bodily injury for which the insured was legally liable, subject to exclusion for injuries caused intentionally by the insured. Thus, *Blackburn* has no application in determining, in the first instance, whether Gordon's injury falls within the coverage provisions of this policy.

The term "accident" as found in liability insurance policies has been construed in

several Oklahoma cases. *United States Fidelity and Guaranty Co. v. Briscoe*, 205 Okl. 618, 239 P.2d 754 (1952), defined "accident" as "an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event, chance, or contingency." It defined "accidental" as "happening by chance or unexpectedly, undesigned; unintentional; unforeseen, or unpremeditated." The Court stated that "the words 'accident' and 'accidental' have never acquired any technical meaning in law, and when used in an insurance contract, they are to be construed and considered according to common speech and common usage of people generally." *Id.* 239 P.2d at 756.

Applying these definitions to the facts in *Briscoe*, the Court held that if the insured performs a voluntary act, the natural, usual, and to-be-expected result is not an accident in any sense of the word, legal or colloquial. *Id.* 239 P.2d at 757. The *Briscoe* construction of "accident" was followed in *Republic National Life Insurance v. Johnson*, 317 P.2d 258 (Okla.1957) and in *Leggett v. Home Indemnity Co.*, 461 F.2d 257 (10th Cir.1972).

Regardless of McMichael's subjective intent, Gordon's injury was the natural, reasonably foreseeable, and to-be-expected result of McMichael's violent assault upon him. Therefore, the Court finds that Gordon's injury was not caused by an "accident" or "occurrence" within the meaning of the policy. *Briscoe* 239 P.2d at 756–757. Thus, plaintiff's injuries do not fall within either Coverage E (Personal Liability) or Coverage F (Medical Payments) provisions of the policy.

Denial of insurance coverage for an act intended or reasonably calculated to injure another is also supported by public policy. *Penley v. Gulf Insurance Co.*, 414 P.2d 305, 309 (Okla.1966).

McMichael's reliance on *Employers Surplus Lines of Boston v. Stone*, 388 P.2d 295 (Okla.1963), is misplaced for two reasons. First, the policy at issue in *Stone* included assault and battery, unless committed by the insured, within the definition of the term "accident." Second, in *Stone*

the *innocent* partner was held to be entitled under the policy to indemnity for liability which he incurred as a result of the assaulting partner's tort. In the instant case, it is Mr. McMichael, the *assaulting* insured, not Bobbie, the innocent insured, who is seeking indemnity under the policy. And the assaulting insured is not entitled to indemnity, even under the holding of *Stone*.

*Issue 2—Duty to Defend*

 Under Coverage E of the policy, an "occurrence," or accident causing bodily injury, is also a condition precedent to the plaintiff's duty to defend a suit brought against an insured. Moreover, under Oklahoma law, a liability insurer is not obligated to defend an action against its insured where the insurer would not be liable under its policy for any recovery in such suit. *Torres v. Sentry Insurance*, 558 P.2d 400, 401–402 (Okla.1976); *Leggett v. Home Indemnity Co.*, 461 F.2d 257, 260 (10th Cir. 1972). As shown previously, Gordon's injury was not the result of an "accident" or "occurrence." Therefore plaintiff was under no duty to defend McMichael in the state court action.

McMichael cites *Conner v. Transamerica Insurance Co.*, 496 P.2d 770 (Okla.1972), for the proposition that the duty to defend continues until the insured's conduct is *adjudged* to be within a policy exclusion. However, in *Conner*, the duty to defend was not made expressly conditional by the policy terms on the occurrence of an event for which coverage would apply, as it is in the instant case. Therefore *Conner* is inapplicable.

*Issue 3—Liability for Costs*

 Section II, Additional Coverages, provides in paragraph 1(a), Claims Expenses, that plaintiff will pay "costs taxed against an insured in any suit we defend." Relying on a literal reading of this provision, McMichael argues that plaintiff is liable for costs taxed against him, an insured, in the state court action because plaintiff defended the action on behalf of Bobbie. However, no clause can be read or con-

strued in isolation from the entire policy. "The construction of a policy should be a natural and reasonable one; the policy must be fairly construed to effectuate its purpose, and viewed in light of common sense so as not to bring about an absurd result." *Wiley v. Travelers Insurance Co.*, 534 P.2d 1293, 1295 (Okla.1974).

Viewed in context with the policy as a whole, this clause expresses an intent by the insurer to reimburse the insured for costs taxed against him in a suit in which he himself, not another insured, is defended by the insurer. Although insurance policies are construed so as to protect the reasonable expectations of the insured, this clause does not create any reasonable expectation that the insurer will pay the costs of an action based on an incident not covered by the policy, and which it has no duty to defend. For these reasons, plaintiff is not liable for any costs assessed against McMichael in the state court action.

*Conclusion*

In light of the above findings, there remains in this case no genuine issue as to any material fact, and plaintiff is entitled to judgment as a matter of law. Fed.R. Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–24, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265, 273–274 (1986). Plaintiff's motion for summary judgment is GRANTED and defendant McMichael's cross-motion for summary judgment is DENIED.

It is so ordered.