68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, an Illinois
corporation, Plaintiff-Appellee,
v.
Stacey Elaine WODARSKI, an individual, Defendant-Appellant,
and
Lloyds Property Management Corporation, a Delaware
corporation; Switlyk Properties & Limited
Partnerships, a New Jersey corporation;
David Zarecki, an individual,
Defendants.
 No. 94-5224.
(D.C.No. 93-C-825-K).
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 HENRY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Stacey Elaine Wodarski appeals from a declaratory judgment that an insurance policy issued by plaintiff American Manufacturers Mutual Insurance Company (AMM) to Lloyds Property Management Corp. did not provide coverage for a judgment Ms. Wodarski obtained against Lloyds and one of its employees, David Zarecki. The issues are whether the district court erred in ruling the injuries giving rise to the judgment were not "occurrences" under the policy and whether it should have certified to the Oklahoma Supreme Court a question of state law. Ms. Wodarski also moves this court to certify a question of state law to the Oklahoma Supreme Court. We deny the motion to certify and affirm the district court's judgment.
 
 
 3
 Lloyds owned and/or managed several properties in Tulsa, Oklahoma. Mr. Zarecki was Lloyds's employee. Lloyds employed Ms. Wodarski to manage one of its apartment complexes. She was given an apartment rent-free as part of her compensation.
 
 
 4
 On two occasions Mr. Zarecki forced Ms. Wodarski to have sex with him, threatening her with termination of her employment if she did not. After she became pregnant with Mr. Zarecki's child,[2] Lloyds fired her. Although she was rehired, Lloyds eventually fired her a second time and evicted her from her apartment.
 
 
 5
 Ms. Wodarski brought a state court action against Mr. Zarecki and Lloyds, alleging sexual harassment, assault and battery, and intentional infliction of severe emotional distress or outrage. She obtained a $757,000 default judgment.
 
 
 6
 AMM, which insured Lloyds and Switlyk Properties, commenced the present action, seeking a declaration that its policy does not provide coverage for Ms. Wodarski's judgment. On the parties' cross-motions for summary judgment, the district court concluded that because Mr. Zarecki's acts were intentional, Ms. Wodarski's injuries were not "occurrences" under the policy and therefore were not covered. Alternatively, it concluded that Ms. Wodarski could not recover because she was an employee of the insured when the events took place and the policy's employment exclusion therefore applied. It granted AMM's motion for summary judgment.
 
 
 7
 We review the grant of summary judgment de novo, applying the same standard as the district court. Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Fed.R.Civ.P. 56(c)). We examine the factual record and reasonable inferences therefrom in the light favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). If there is no genuine issue of material fact in dispute, we determine whether the district court correctly applied the law. Id.
 
 
 8
 As a federal court sitting in diversity, we ascertain and apply Oklahoma law[3] to reach a result that would have been reached had the case been decided in Oklahoma state court. See Leadville Corp. v. United States Fidelity & Guar. Co., 55 F.3d 537, 539 (10th Cir.1995). The district court's interpretation of state law is reviewed de novo. Id.
 
 
 9
 Under Oklahoma law, if the terms of an insurance policy are clear, consistent, and unambiguous, they are accepted in their ordinary sense and enforced to carry out the parties' expressed intent. Phillips v. Estate of Greenfield, 859 P.2d 1101, 1104 (Okla.1993). If the contract terms are susceptible of two meanings (i.e., ambiguous), words of inclusion are liberally construed in favor of the insured, while words of exclusion are strictly construed against the insured. Id. The interpretation of an insurance contract and whether it is ambiguous are questions of law. Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla.1991).
 
 
 10
 The policy provides, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' ... to which this insurance applies.... The 'bodily injury' ... must be caused by an 'occurrence.' " Appellant's App. at 93. "Occurrence" is defined in the policy as an accident. Id. at 102, 105, 119. While the term "accident" is not defined in the policy, in Oklahoma the term has "long been held to describe an occurrence which is unexpected, unintended and unforeseen in the eyes of the insured." Willard v. Kelley, 803 P.2d 1124, 1128-29 (Okla.1990); see also Republic Nat'l Life Ins. Co. v. Johnson, 317 P.2d 258, 261-62 (Okla.1957) (defining "accident" as "[a]n event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event, chance, contingency.") (quotation omitted).
 
 
 11
 Mr. Zarecki's and Lloyds's[4] act of forcing Ms. Wodarski to have sex upon threat of losing her job was not "unexpected, unintended and unforeseen" from their perspective. Therefore, their act was not an "accident," Ms. Wodarski's injuries were not caused by an "occurrence," and the policy does not provide coverage. Cf. Culp v. Northwestern Pac. Indem. Co., 365 F.2d 474, 477 (10th Cir.1966) (finding employee's intentional assault and battery not an "accident" within meaning of employer's insurance policy and thus not covered by policy).
 
 
 12
 Ms. Wodarski argues that to conclude there was no "occurrence" merely because Mr. Zarecki's and Lloyds's acts were intentional, without examining whether they intended to cause her injuries, would be inconsistent with Lumbermens Mut. Ins. Co. v. Blackburn, 477 P.2d 62 (Okla.1970). In Blackburn, the plaintiff was injured by a hard object thrown by several schoolmates. He commenced an action against the insurance carrier of one of the schoolmates. The relevant insurance policy provided that the insurer would pay on behalf of the insured "all sums which the latter shall become legally obligated to pay as damages because of bodily injury," but excluded bodily injury intentionally caused by the insured. Id. at 64. The court construed the policy exclusion to apply only if the tortfeasor-insured had intended to inflict the injury actually inflicted. Id. at 65. Because it was stipulated that he had not so intended, the court concluded the exclusion did not apply, even though his actions had been intentional. Id. at 66.
 
 
 13
 Blackburn does not apply here because AMM's policy limits coverage to an "accident" and the policy in Blackburn did not contain such a provision. See Massachusetts Bay Ins. Co. v. Gordon, 708 F.Supp. 1232, 1233 (W.D.Okla.1989). The issue in this case, as in Gordon, is whether the policy applies "in the first instance," id., not whether the exclusion for intentionally caused injuries applies.
 
 
 14
 However, even if Mr. Zarecki's and Lloyds's intent to cause Ms. Wodarski's specific kind of bodily injury is relevant, Blackburn is readily distinguishable. There, the parties stipulated that the defendant did not intend to injure the plaintiff. Blackburn, 477 P.2d at 66. Here, Ms. Wodarski's state court petition against Mr. Zarecki and Lloyds specifically alleged that their actions "intentionally caused the Plaintiff severe emotional distress." Appellant's App. at 19. This is the only bodily injury she claims to have suffered. Id. at 57-58. The record is devoid of any evidence contradicting this allegation, and the state court granted a default judgment on the claim. Thus, we conclude the record establishes that Mr. Zarecki and Lloyds did intend to cause the bodily injury that Ms. Wodarski suffered.
 
 
 15
 In light of our conclusion, we see no need to certify a question of state law to the Oklahoma courts.[5] Further, we express no opinion as to the district court's alternative ground for its decision--that the policy's employment exclusion applied. We do not address any of the other issues raised by AMM.
 
 
 16
 The motion to certify is DENIED. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Ms. Wodarski later obtained a judgment declaring Mr. Zarecki to be the father of the child
 
 
 [3]
 It is undisputed that Oklahoma law governs this case
 
 
 [4]
 Mr. Zarecki's acts were attributable to Lloyds as he was Lloyds's agent
 
 
 [5]
 We also see no error in the district court's refusal to do so